| .THOMAS C. WICKER, Jr., Judge Pro Tem.
Plaintiffs, Suzette Stone and her husband George Stone, filed this suit for damages sustained as a result of a fall. Mrs. Stone was visiting the home of her mother, defendant Lois Hebert, when she tripped and fell over an exposed pipe in the attic of defendant’s house. Plaintiffs named as defendants Ms. Hebert and State Farm Insurance Company, (Ms. Hebert’s home owner’s insurer). Defendants filed a motion for summary judgment, which was granted by the trial court. This appeal followed.
A motion for summary judgment is properly granted if “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter.of law.” La. C.C.P. art. 966 B.
1,-iThe summary judgment procedure is favored and shall be. construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. La. C.C.P. art. 966 A(2); Dean v. Ochsner Medical Foundation Hosp. and Clinic, 99-466 (La.App. 5 Cir. 11/10/99), 749 So.2d 36.
The burden of proof is on the mover to make a prima facie showing that the motion should be granted. When the mover has made such a showing, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Foster v. Consolidated Employment Systems, Inc., 98 948 (La.App. 5 Cir. 1/26/99), 726 So.2d 494, writ denied, 99-0523 (La.4/30/99), 741 So.2d 14; Tonubbee v. River Parishes Guide, 97-440 (La.App. 5 Cir. 10/28/97), 702 So.2d 971, 974, writ denied, 97-3012 (La.2/13/98), 709 So.2d 747, cert. denied, 525 U.S. 858, 119 S.Ct. 142, 142 L.Ed.2d 115 (1998).
Appellate courts should review the granting of a summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Carnival Brands, Inc. v. American Guarantee and Liability Ins. Co., 98-958 (La.App. 5 Cir. 1/26/99), 726 So.2d 496, writ denied, 99-0544 (La.4/9/99), 740 So.2d 636.
The facts are undisputed, as both-parties presented Mrs. Stone’s deposition of December 21, 1998 to establish the accident and the injury. Mrs. Stone’s deposition established that on the date of the accident, she entered her mother’s attic and crossed over the exposed pipe to retrieve 14some papers from a box. The attic light was on at that time. After getting the papers, she turned toward the light to see if those were the correct papers, and as she turned she fell over the pipe and down the attic stairs. In her deposition, Mrs. Stone admitted that she knew of the pipe, and that the pipe was not obstructed by anything when she went into the attic.
Mrs. Stone stated that she had been in the attic ten times before her fall; however, she could not remember if she had ever crossed the pipe before the accident. She stated that the pipe was visible from the top of the attic stairs. Mrs. Stone further stated that her mother knew about the pipe, and that she and her mother had frequently discussed the pipe, as defendant’s husband periodically went into the *222 attic to turn the hot water heater off, which necessitated him crossing over the pipe, and defendant was worried that he would trip over the pipe and fall.
Photographs taken by plaintiff George Stone were attached to the deposition, and to defendants’ motion for summary judgment. These photographs show that the pipe was clearly visible from the attic stairs, and also clearly visible from the location of the hot water heater, the area in which Mrs. Stone' had retrieved the papers.
La. C.C. art. 2315 provides in part that, “Every act whatever of man that causes damages to another obliges him by whose fault it happened to repair it.” La. C.C. art. 2317 states that, “We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.”
| RA landowner’s duty was described by the Louisiana Supreme Court in Fontenot v. Fontenot, 635 So.2d 219, 221 (La.1994):
Under Louisiana law, liability for injuries sustained by one on the premises of another may be based on either strict liability or negligence. In an action asserting strict liability under La. C.C. art. 2317, the plaintiff bears the burden of proving: (1) the thing which caused damages was in the care, custody and control of the defendant; (2) the thing had a vice or defect which created an unreasonable risk of harm; and (3) the injuries and/or damage were caused by the vice or defect. Sistler v. Liberty Mutual Insurance Co., 558 So.2d 1106 (La.1990). The plaintiff asserting a claim against a premises owner based on negligence, or liability under La.C.C. art. 2315, where the sole basis alleged for holding the owner liable is his relation to the property, has the same burden, plus the additional burden of proving defendant’s scienter, i.e., that defendant “knew or should have known” of the defect. Id. at 1112 n. 7; see also Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982). (Footnotes omitted.)
A landowner owes a plaintiff a duty to discover any unreasonably dangerous condition and to either correct the condition or warn of its existence. Pitre v. Louisiana Tech University, 95-1466 (La.5/10/96), 673 So.2d 585, cert. denied, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996); Socorro v. City of New Orleans, 579 So.2d 931 (La.1991); Reese v. Griffith, 568 So.2d 1146 (La.App. 5 Cir.1990). It is the court’s obligation to decide which risks are unreasonable, based upon the facts and circumstances of each case. Pitre v. Louisiana Tech University, supra; Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1371 (La.1984). In determining whether a given condition is unreasonably dangerous, the degree to which the damage may be observed by a potential. victim, who may then provide self-protection, is a major factor. Lejeune v. Riviana Foods, 97-1091 (La.App. 3 Cir. 2/18/98), 7071 So.2d 1038, writ denied, 98-0749 (La.5/1/98), 718 So.2d 418. The landowner’s duty does not give rise to liability for injuries if the danger should have been observed by the plaintiff in the exercise of reasonable care, or if it was as obvious to the individual as to the owner of the property. Reese v. Griffith, supra.
In this case, it is clear that Mrs. Stone knew of the exposed pipe before she went into the attic. The pipe was clearly visible as she entered and once she was in the attic. Thus we can conclude, as the trial court did in his reasons for judgment, that the pipe did not impose an unreasonable risk of harm and therefore the defendant owed no duty to correct the condition or to warn of its existence. Further, even if we find that the pipe did pose an unreasonable risk of harm, Mrs. Stone’s testimony established that she had been warned by the defendant, as she and her mother had discussed the pipe on several occasions. Thus, there is no genuine issue as *223 to whether defendant breached her duty to warn plaintiff of the (unreasonably) dangerous condition.
We find no error in the trial judge’s ruling granting defendants’ motion and dismissing plaintiffs’ suit; and therefore, affirm the decision of the trial court. All costs of this appeal are assessed against appellant.
AFFIRMED.