926 So.2d 603 (2006)
Leah F. VERDIN, Individually and on Behalf of Her Deceased Husband, Randall S. Verdin and Jeff Verdin
v.
Slade A. ROGERS, Louisiana Farm Bureau Mutual Insurance Company, Gertrude Gardner, Incorporated, ABC Inspection Co., and The ABC Insurance Company.
No. 05-CA-664.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 2006.
*604 Vincent J. Glorioso, Jr., Vincent J. Glorioso, III, Maria B. Glorioso, Attorneys at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
Andre P. Guichard, Attorney at Law, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
This matter comes before this Court on a grant of an exception of no right of action filed by defendant, Mitch Kapoulas. For reasons that follow, we affirm.
Plaintiffs filed the underlying wrongful death and survival action for damages as a result of the death of Randall S. Verdin when he sustained a fatal electrical shock while servicing an air-conditioning unit at the home of Slade A. Rogers on June 21, 2002. Plaintiffs allege the electrocution resulted from a frayed ground wire undetected by the home inspection at the time of the sale of the house to Mr. Rogers two years earlier.
Named as defendants were Mr. Rogers, the home owner, and his insurer, Louisiana Farm Bureau Mutual Insurance Company, and GBS Properties, L.L.C. d/b/a Prudential Gardner Realtors (GBS), realtor in the transaction in which Mr. Rogers acquired the house. By a supplemental and amending petition, plaintiffs also named Mitch Kapoulas as a defendant, alleging he conducted the home inspection in the real estate sale.
This matter has been before this Court in an earlier appeal contesting the grant of a similar motion at issue herein filed by defendant GBS. This Court affirmed the grant of a no right of action exception filed by GBS. Verdin v. Rogers, 03-1457 (La. App. 5 Cir. 4/27/04), 873 So.2d 804, writ denied, 04-1231 (La.9/24/04) 882 So.2d 1128.
In the second supplemental and amending petition adding Mitch Kapoulas as a defendant, plaintiffs allege that Mr. Kapoulas,
.... was retained to and did perform certain inspections and/or appraisals which included electrical and cooling systems and, specifically, the air-conditioning condensing unit and panel board, "load center" referred to in paragraphs IV, V and VI above and, in connection with such inspections/appraisal, defendant Mitch Kapoulas negligently failed to discover the danger/hazard/defect hereinabove referred to and/or/ negligently failed to disclose same.
The paragraphs referred to in the above allegation related back to the original petition in which plaintiffs allege Randall Verdin died of electrical shock while servicing an air-conditioning condensing unit which had an "intermittent fault causing or allowing the casing thereof to become `electrically hot'." Additionally, the petition alleges that;
The `path to ground' had been interrupted by virtue of a cutting or other severing/parting of the `ground wire' within the `load center' or panel board, thus eliminating a critical safety feature and causing or allowing the electrical current *605 to pass through decedent and into the ground, electrocuting him.
In support of the exception of no right of action, Mr. Kapoulas attaches documentation to show that he was the appraiser on the sale of the property to Mr. Rogers. The appraisal made by Mr. Kapoulas, dated June 19, 2000, includes the following statement of terms;
Conditions of Appraisal: No structural, mechanical plumbing or electrical warranties made or implied as this is not within the scope of the appraisal assignment. See VC sheet.
The "VC sheet" refers to a form used by the Department of Housing and Urban Development entitled "Comprehensive Valuation Package Valuation Conditions." That form was completed by Mr. Kapoulas and is included in the appraisal. It indicates that there was no exposed visible wiring in the living areas of the home and that there was no frayed wiring.
In the opposition to the exception, plaintiffs assert that Mr. Kapoulas negligently misrepresented the safety of the electrical system and that the negligent misrepresentation arises ex dilecto under La. C.C. art. 2315. Thus, no privy of contract is required. Attached to the memorandum are photos of frayed wiring and the appraisal.
The Louisiana Supreme Court set forth the rule of law on the exception of no right of action in Louisiana Paddle-wheels v. Louisiana Riverboat Gaming, 94-2015 (La.11/30/94), 646 So.2d 885 at 888.
An action can only be brought by a person having a real and actual interest which he asserts. La.Code Civ.Proc. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La.Code Civ.Proc. art. 927(5). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Babineaux v. Pernie-Baily[Bailey] Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation.
As we explained in Verdin v. Rogers, supra, 873 So.2d at 807,
A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. The inquiry is whether the plaintiff has any law, statutory, jurisprudential, or arising from general principles of fault, to support his claim.
(citations omitted)
The plaintiffs assert that Mr. Kapoulas owes them a duty under general tort principles for the tort of negligent misrepresentation. In support of that assertion plaintiffs cite the Restatement (Second) Torts § 324A, more commonly known as the "good Samaritan rule," and its interpretation in Bujol v. Entergy Services, Inc. et al., 03-0492, 502 (La.5/25/04), 922 So.2d 1113; rehearing granted 10/29/04.
Restatement (Second) Torts § 324A provides as follows:
One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise *606 reasonable care to protect his undertaking, if
(a) his failure to exercise reasonable care increases the risk of such harm, or
(b) he has undertaken to perform a duty owed by the other to the third person, or
(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.
Plaintiffs do not argue that Mr. Kapoulas had a duty to Mr. Randall Verdin. They cite no law to suggest that an appraiser of a home in the process of a sale has a duty to an air-conditioning repair man two years after the sale. However, plaintiffs argue that Mr. Kapoulas assumed a duty to Mr. Verdin when he appraised the home. We are not persuaded by that argument. While we agree with plaintiffs that a cause of action for negligent misrepresentation exists in Louisiana law, the issue before us is not whether there is a cause of action, but rather whether there is a right of action. To defeat the exception of no right of action, plaintiffs would have to show that Mr. Kapoulas assumed the duty to protect Mr. Verdin. In Bujol, the Court examined the concept of voluntary assumption of a duty by affirmative conduct. The Bujol Court explained:
The plain language of the introductory portion of § 324A establishes that an assumption of duty arises when the defendant (1) undertakes to render services, (2) to another, (3) which the defendant should recognize as necessary for the protection of a third person. Even if a plaintiff proves the assumption of a duty under that standard and that the defendant failed to exercise reasonable care to perform this undertaking, he can only recover if he further proves that either (a) the defendant's failure to exercise reasonable care increased the risk of such harm; or (b) the defendant has undertaken to perform a duty owed by the employer to the injured employee; or (c) harm is suffered because of reliance of the employer or the injured employee upon the undertaking. (Citations and footnote omitted) Bujol, 922 So.2d at 1129.
Using the above law, we find no showing that Mr. Kapoulas as the appraiser assumed a duty to Mr. Verdin as a repairman entering the home two years later. Mr. Kapoulas was an appraiser and it is clear from the appraisal that no warranty on the electrical system was made. There is no indication that Mr. Kapoulas voluntarily assumed a duty to third parties not involved in the sale of the house. Accordingly, we find the ruling of the trial judge on the exception of no right of action is correct.
AFFIRMED.