955 So.2d 758 (2007)
Nancy MONSON
v.
TRAVELERS PROPERTY & CASUALTY INSURANCE COMPANY, Toys "R" Us-Delaware, Inc., ALS Properties, LLC, Sizeler Family Limited Partnership and Parish of Jefferson.
No. 06-CA-921.
Court of Appeal of Louisiana, Fifth Circuit.
April 24, 2007.
Rehearing Denied May 14, 2007.
*759 Thomas A. Gennusa, II, Joseph S. Piacun, Metairie, LA, for Plaintiff/Appellant.
*760 Leonard J. Cline, Metairie, LA, for Plaintiff/Appellant.
W. Paul Andersson, Margaret Frohn Swetman, New Orleans, LA, for Defendant/Appellee/Toys "R" Us.
Connick and Connick, L.L.C., Guy H. Bumpas, IV, Metairie, LA, for Defendant/Appellee/Parish of Jefferson.
Panel composed of Judges EDWARD A. DUFRESNE, JR., WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
The judgment before this court is a grant of a defense motion for summary judgment in which the trial court dismissed plaintiff's action. We affirm.
Plaintiff, Nancy Monson, filed this action against several defendants, including Toys "R" Us-Delaware, Inc. (Toys "R" Us) and the Parish of Jefferson (Parish), for injuries sustained when she stepped in a hole in a grassy area between the Toys "R" Us parking lot curbing and the sidewalk. The matter was joined and discovery ensued. Subsequently, both Toys "R" Us and the Parish filed motions for summary judgment. After a hearing, the trial court granted both motions finding that, as a matter of law, neither Toy "R" Us nor the Parish owed a duty to plaintiff, and further, that the Parish had no notice of the defect. Those rulings are the subject of this appeal filed by plaintiff.
Initially we note that, although the appeal is from the grant of summary judgment in favor of both the Parish and Toys "R" Us, in brief to this court plaintiff only addresses issues regarding Toys "R" Us. Assignments of error not briefed or argued before this court are deemed abandoned. Milton v. Elmwood Care, Inc., 95-442 (La.App. 5 Cir. 10/31/95), 664 So.2d 503. Consequently, in this opinion we will only consider the propriety of the grant of summary judgment in favor of Toys "R" Us.
The facts surrounding the incident are undisputed. Plaintiff drove to Toys "R" Us to purchase a birthday gift. After she completed that task, she decided to meet her daughter for a meal at a restaurant across the street. She moved her car to the edge of the Toys "R" Us parking lot that was closest to the Hessmer Street Restaurant. As she stepped over the parking lot curbing onto the grassy area to reach the sidewalk, she stepped in a hole and fell, causing injuries to her ankle and leg. In her deposition, Ms. Monson testified that she did not move her car to the restaurant parking lot even though parking spaces were available there because she "didn't want her car hit."
Toys "R" Us admitted it was responsible for maintaining the grassy area pursuant to its lease with the owner of the property. However, counsel for Toys "R" Us argued successfully in the trial court that no duty was owed to the plaintiff because adequate pedestrian walkways were provided and maintained, but plaintiff chose instead to use an area which was never intended to be a pedestrian walkway to get to a restaurant across the street.
A summary judgment is appropriate "only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). The mover bears the initial burden of proof. However, if the mover will not bear the burden of proof at trial, it is not necessary for the mover to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to *761 the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2)
To impose liability for an unreasonably dangerous defect a plaintiff has the burden to show that the thing was in the custodian's custody or control, it had a vice or defect that presented an unreasonable risk of harm, the defendant knew or should have known of the unreasonable risk of harm, and that the damage was caused by the defect. La. C.C. art. 2317.1; Dauzat v. Thompson Const. Co., Inc., 02-989 (La.App. 5 Cir. 1/28/03), 839 So.2d 319. The addition of the element of knowledge to article 2317.1 has effectively turned it from strict liability to a negligence claim. Leonard v. Parish of Jefferson, 05-32 (La. App. 5 Cir. 4/26/05), 902 So.2d 502.
A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Verdin v. Rogers, 05-664 (La.App. 5 Cir. 3/14/06), 926 So.2d 603. Whether a duty is owed is a question of law. However, whether defendant has breached a duty owed is a question of fact. Mundy v. Department of Health and Human Resources, 620 So.2d 811 (La.1993). The inquiry is whether the plaintiff has any law, statutory, jurisprudential, or arising from general principles of fault, to support his claim. Verdin v. Rogers, supra. Thus, plaintiff must show that Toys "R" Us had a duty to her to make sure the grassy area in which she fell was free from holes and safe for pedestrians.
While an owner and occupier of land has a duty to discover any unreasonably dangerous conditions existing on his premises and to either correct those conditions or to warn of their existence, an owner is not the insurer of the safety of visitors. The duty of a property owner is to keep their premises in a safe condition for use in a manner consistent with the purposes for which they are intended. Dingler v. Zurich Commercial Ins. Co., 02-674 (La.App. 3 Cir. 12/11/02), 833 So.2d 524.
Not every defect gives rise to liability. The defect must be of such a nature to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Amest v. City of Breaux Bridge, 01-1034 (La.App. 3 Cir. 12/12/01), 801 So.2d 582.
As this court has explained in Stone v. Hebert, 99-1394 (La.App. 5 Cir. 5/17/00), 762 So.2d 220 at 222.
A landowner owes a plaintiff a duty to discover any unreasonably dangerous condition and to either correct the condition or warn of its existence. It is the court's obligation to decide which risks are unreasonable, based upon the facts and circumstances of each case. In determining whether a given condition is unreasonably dangerous, the degree to which the damage may be observed by a potential victim, who may then provide self-protection, is a major factor.

Id. (Citations omitted)
In our de novo review[1] of the issue of whether the condition of the grassy area presented an unreasonable risk of harm we are mindful of the fact that the criterion for this decision is "not a simple rule of law which can be applied mechanically. It requires a balancing of claims and interests, *762 a weighing of the risk and the gravity of harm, and the consideration of individual and societal rights and obligations." Bell v. State of La., et al., 553 So.2d 902, 907 (La.App. 4 Cir.1989) (Citations omitted).
While a landowner has an obligation to maintain lawns and other grassy areas, that obligation does not require a "table-top" smooth surface. Wood v. Cambridge Mut. Fire Ins. Co. (La.App. 2 Cir. 1986), 486 So.2d 1129. It is inherent in grassy areas that are not intended or designed for use as a walkway, that they present minor hazards such as uneven ground or holes which could cause a person to trip and fall. Such conditions do not amount to defects that present an unreasonable risk of injury to tenants. Id.
In the matter before us, plaintiff argues the trial court erred in granting the motion for summary judgment because Toy "R" Us knew or should have known that the area was used by pedestrians, and caused several holes to be dug in the area after the removal of trees and shrubs, making the area unreasonably dangerous. To support this claim, plaintiff presented photos which show two plastic cups, and holes under the grassy cover of the area. Plaintiff asserts the cups are from patrons of a nearby bar using the area to get to their vehicles parked in the Toys "R" Us parking lot. Plaintiff also asserts that Toys "R" Us had actual knowledge of the holes it created. Additionally, plaintiff testified that she returned to the area a week and a half after her fall and photographed three holes in a relatively straight line which were about equidistant from each other. Plaintiff also offered photographs of the area to show that some shrubs still remain in the area. While plaintiff asserts that Acadian, a former company contracted by Toys "R" Us to keep the area mowed and maintained, dug the holes to remove trees, there is no evidence of that in the record. If, in fact, Toys "R" Us had created the holes by the removal of trees, and failed to cover the holes, the condition which caused plaintiff's fall may have given rise to an unreasonable risk of harm under the circumstances. In that case Toy "R" Us would have a duty to correct the condition it created. However, the assertion that Toys "R" Us created the condition and that the area was used by bar patrons is merely a speculation by plaintiff and is unsupported.
Knowledge of the condition is an essential element for finding liability. Given the "circumstantial evidence" plaintiff presents, we cannot find she can meet her burden of proof on that essential issue.
While we do not agree with the conclusive statement made by the trial court that there is no duty owed by Toys "R" Us to maintain the grassy area, we do agree with the trial court that the summary judgment should be granted. We believe holes created in the area where plaintiff fell could give rise to the level of unreasonable risk of harm under the reasonable person standard. However, the plaintiff failed in her burden of proof that the holes were created by Toys "R" Us, or that Toys "R" Us had any knowledge of the holes. Thus, plaintiff has failed to show that, as a matter of law, Toys "R" Us owes her a duty that has been breached.
For the foregoing reasons, we affirm the judgment of the trial court and assess costs of this appeal to plaintiff.
AFFIRMED.
NOTES
[1] The appellate review of a grant of a summary judgment is de novo. Prince v. K-Mart Corp., 99-253 (La.App. 5 Cir. 8/31/99), 742 So.2d 718