Do Not Publish

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1466

JEFFREY M. SMITH AND MITZI SMITH

VERSUS

AMBER ELIZABETH CANTRELL AND LOUISIANA CITIZENS FAIR PLAN

**********
APPEAL FROM THE
NINTH DISTRICT COURT
PARISH OF RAPIDES, NO. 288,150
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and J. David Painter, Judges.

AFFIRMED.

Cory P. Roy
Beau R. Layfield
107 North Washington St.
Marksville, LA 71351
Counsel for Plaintiff-Appellant:
    Jeffrey M. Smith and Mitzi Smith

Leonard A. Young
1010 Common St.
New Orleans, LA 70112
Counsel for Defendant-Appellee:
    Amber E. Cantrell and Louisiana Citizens Fair Plan

**PAINTER, Judge.**

Plaintiffs, Jeffrey and Mitzi Smith, appeal the judgment of the trial court granting a summary judgment dismissing the Smiths' claims against Defendants, Amber E. Cantrell and her insurer, Louisiana Citizens Fair Plan (LCFP). For the following reasons, we affirm the grant of summary judgment.

## FACTS

Jeffrey Smith was hired to replace a wooden deck and stair that ascended ten to twelve feet to the front door of defendant's home. While removing a board from the deck, the entire structure collapsed injuring his right knee. Plaintiffs filed this suit asserting that Cantrell knew that the deck was defective and failed to warn Smith of the danger. Cantrell answered that petition and filed a motion for summary judgment arguing that no material question of fact remained with respect to her alleged liability. After a hearing the trial court granted the motion, dismissing Plaintiffs' claim. Plaintiffs appeal.

## DISCUSSION

In *Bridges v. City of Carenco*, 07-1593 (La.App. 3 Cir. 4/30/08), 982 So.2d 306, this court stated as follows:

> The law applicable to summary judgments and to the appellate review thereof is well settled:

> The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); *Yarbrough v. Federal Land Bank of Jackson*, 31,815 (La.App.2d Cir. 03/31/99), 731 So.2d 482. The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); *Leckie v. Auger Timber Co.*, 30,103 (La.App.2d Cir. 01/21/98), 707 So.2d 459. The burden of proof remains with the

1

mover. However, if the party moving for summary judgment will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, then that party need not negate all essential elements of the adverse party's claim, action, or defense but may simply point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense; thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy the evidentiary burden of proof at trial, there is no genuine issue of material fact. *See*, La. C.C.P. art. 966(C)(2). When a motion is made and supported, as required by La. C.C.P. art. 966, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.

Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. *Kennedy v. Holder*, 33,346 (La.App.2d Cir. 05/10/00), 760 So.2d 587.

*Riggs v. Opelousas General Hosp. Trust Authority*, 08-591, pp. 3-4 (La.App. 3 Cir. 11/5/08), 997 So. 2d 814, 816.

This court has outlined the requirements for recovery in situations like the one sub judice, as follows:

In the case sub judice, the plaintiff theories of liability are based upon La.Civ.Code arts. 2317.1 and 2322. Louisiana Civil Code Article 2317.1 states:

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

And Louisiana Civil Code Article 2322 states:

The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original

2

construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

The addition of the language to article 2317.1 that an owner is liable for damage "only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect" has effectively turned it from a claim based upon strict liability to a claim grounded in negligence. *See Monson v. Travelers Prop. & Cas. Ins. Co.*, 06-921 (La.App.5 Cir. 4/24/07), 955 So.2d 758; *Leonard v. Parish of Jefferson*, 05-32 (La.App. 5 Cir. 4/26/05), 902 So.2d 502; and *Bourquard v. Winn Dixie La. Inc.*, 04-1150 (La.App. 5 Cir. 3/1/05), 900 So.2d 131.

Accordingly, to prevail in [his] claim, the plaintiff had to prove the following: (1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant knew or should have known of the vice or defect, (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care. If the plaintiff fails to provide proof of any one of these elements, his/her claim fails.

*Id.* at 816-17.

Mr. Smith, in deposition, testified that he was hired to replace a deck at 340 Magellan Pass in Boyce, Louisiana. He stated that he had been doing this kind of work as a side line for fifteen or twenty years and thought the job was well within his ability. He stated that he was an experienced carpenter. Mr. Smith's deposition testimony indicated that as he was standing on the existing porch pulling a board off with a pry bar in order to dismantle it, the entire porch fell about eight to twelve feet to the ground. After the accident, he discovered that the porch was held to the house with only two or three nails. He stated that he had not seen the problem when he inspected the porch prior to beginning demolition, because the defect was hidden. He

admitted that, although he always checked the condition of the wood he was working on before beginning a job, he could not see the unsafe condition of the porch when he inspected it.

Ms. Cantrell's deposition revealed that she bought the house at 340 Magellan Pass in Boyce, Louisiana in June 2005. She testified that the house was inspected prior to sale and that the porch rails had to be secured before the sale could be finalized. She was then notified by her banker that all required corrections had been made and the sale was concluded. It was her testimony that she hired Mr. Smith to replace the porch and stairs in September 2006, after noticing that the stairs were deteriorating. Since the porch was the same age as the steps, she decided to replace that as well. She never noticed the porch to be shaky and had no concerns about the posts holding up the porch. She testified that she "never dreamed" it would collapse. She stated that the need to have the handrail secured prior to sale did not make her think that there could be other problems with the porch. Ms. Cantrell testified that she had no expertise or knowledge about carpentry or the proper manner of removing the steps or the porch. She further testified that she had no information from the bank, the previous owner, or anyone else about potential problems with the porch.

Given this evidence, we find that Plaintiffs have not produced sufficient factual support to establish that Ms. Cantrell knew about the defect. As a result, they would not be able to satisfy the evidentiary burden of proof at trial. Accordingly, no genuine issue of material fact remains, and summary judgment was properly granted.

4

CONCLUSION

The judgment of the trial court dismissing Plaintiff's claims is affirmed. Costs of this appeal are to be paid by Plaintiffs-Appellants, Jeffery and Mitzi Smith.

AFFIRMED.