# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2010

Charles R. Fulbruge III
Clerk

No. 09-30376
Summary Calendar

MAXIME E. GOURGEOT, JR.; SYLVIA L. GOURGEOT,

Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-1621

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Maxime Gourgeot slipped and fell on the steps of the United States Post Office in Bogalusa, Louisiana, sustaining injuries. After exhausting their available administrative claims, Mr. Gourgeot and his wife, Sylvia, sued the United States Postal Service[1] under the Federal Tort Claims Act (FTCA), 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The United States was substituted as the defendant on October 31, 2008, pursuant to 28 U.S.C. § 2679(b)(1).

No. 09-30376

U.S.C. §§ 1346(b)(1) & 2671 *et seq.* Following a bench trial, the district court found that the steps did not constitute an unreasonably dangerous condition and entered judgment for the Government. The Gourgeots appeal, challenging the district court's finding that the steps did not constitute an unreasonably dangerous condition. We affirm.

"In reviewing a bench trial, we review findings of fact for clear error and conclusions of law de novo." *Villafranca v. United States*, 587 F.3d 257, 260 (5th Cir. 2009). "We will find clear error if (1) the findings are without substantial evidence to support them; (2) the court misinterpreted the effect of the evidence; or (3) although there is evidence which, if credible, would be substantial, the force and effect of the testimony, considered as a whole, convinces the court that the findings are against the preponderance of credible testimony." *Arete Partners, L.P. v. Gunnerman*, 594 F.3d 390, 394 (5th Cir. 2010) (citing *Bd. of Trs. New Orleans Employers Int'l Longshoremen's Ass'n v. Gabriel, Roeder, Smith & Co.*, 529 F.3d 506, 509 (5th Cir. 2008)).

"Liability under the FTCA is determined 'in accordance with the law of the place where the act or omission occurred.'" *Villafranca*, 587 F.3d at 260 (quoting 28 U.S.C. § 1346(b)). Louisiana law provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

LA. CIV. CODE ANN. art. 2317.1 (West 1997). The elements of this provision are: (1) custody or control; (2) an unreasonably dangerous condition; (3) actual or constructive knowledge; and (4) damages caused by the condition. *Jeansonne v. S. Cent. Bell Tel. Co.*, 8 So. 3d 613, 619 (La. Ct. App. 2009). Here, the parties dispute whether the steps were an unreasonably dangerous condition—namely,

whether they were "of such a nature as to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances." *Monson v. Travelers Prop. & Cas. Ins. Co.*, 955 So. 2d 758, 761 (La. Ct. App. 2007) (citing *Amest v. City of Breaux Bridge*, 801 So. 2d 582, 585 (La. Ct. App. 2001)). Determining whether a condition is unreasonably dangerous requires consideration of four factors:

> (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature.

*Hutchinson v. Knights of Columbus*, 866 So. 2d 228, 235 (La. 2004).

Neither party disputes that the steps—which are made of grade granite—provide the only public ingress to the Bogalusa Post Office and that there are three sets of handrails that can be gripped for support. Postmaster Carl LeBouef, who had been at the Bogalusa Post Office since 2000, testified that he had not heard of any accidents on the steps prior to Mr. Gourgeot's fall in May 2005, despite estimating that the steps are used more than 125,000 times per year. Mr. Gourgeot acknowledged that he had used the steps several times per week since 1990 without falling prior to May 2005. The custodian, Robert Pierce, testified that he visually inspected the steps each morning and he had painted the steps in January 2004 using deck paint mixed with a non-skid additive to provide greater traction.

In light of the evidence before the district court, we cannot conclude that the district court committed clear error in finding that the steps were not unreasonably dangerous. Nor is this conclusion affected by the testimony of the Gourgeots' expert witness, who tested the slipperiness of the steps in March 2008. As the district court noted, the conditions at the time of testing were not substantially similar to those at the time of Mr. Gourgeot's fall. Moreover, the

standards relied upon by the expert contemplated laboratory testing of polished surfaces using specialized equipment, not field testing of unpolished surfaces without that equipment.  Under these circumstances, the district court, sitting as the trier of fact, was entitled to discount the probative weight of the expert's test results and conclusions.

We find no clear error in the district court's findings of fact.  Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED.