MARION F. EDWARDS, Chief Judge.
 

 |2The judgment on review in this appeal is the grant of a summary judgment in favor of defendants/appellees, Cardinal Freight Carrier, Inc. (“Cardinal”) and Kendrick Johnson, that dismissed plaintiff/appellant’s, Eddie Earl Johnson’s, action against them with prejudice. We vacate the judgment and remand.
 

 FACTS
 

 The undisputed facts are that Eddie Earl Johnson (“Eddie Johnson”) is a self-employed commercial truck driver who leased a tractor trailer unit from Ryder Truck Rental, Inc. (“Ryder”). Eddie Johnson was bound by written contract to operate the leased truck for only one client, Cardinal. Under the terms of the contract, Eddie Johnson was required to cooperate with other independent contractors working for Cardinal and, on some occasions, to drive trucks of other contractors. On May 20, 2003, Eddie Johnson was instructed by the dispatcher for Cardinal to travel to Kenner to make deliveries for Kendrick Johnson, who was absent that day. Eddie Johnson wanted to drive his own truck to make the deliveries. However, when he arrived at Cardinal, Kendrick Johnson’s truck was already loaded with the goods to be delivered. Eddie Johnson decided to make the | ¿first deliveries in Kendrick Johnson’s truck and then load the subsequent goods in his own truck for delivery.
 

 During the delivery, Eddie Johnson was injured when the driver’s seat in Kendrick Johnson’s truck malfunctioned. The seat was designed to provide the driver with cushioning by traveling forward and backward, up and down, with the motion of the truck within pre-set limits. At one point on his journey, Eddie Johnson traveled on an exit ramp off 1-610. The truck bounced and the seat malfunctioned, causing him to be thrown up and out of control and to be jammed against the ceiling of the truck’s cab. His head propelled into the ceiling of the cab at least two more times until he was able to get the seat belt released. Eddie Johnson was forced to restore control of the truck by standing up and pulling the truck off of the highway.
 

 The malfunction of the seat caused physical injury to Eddie Johnson, and he filed suit against Ryder, Cardinal, Kendrick Johnson, International Truck and Engine Corporation (the maker of the truck) and the State of Louisiana, through the Department of Transportation and Development (for the bump in the highway that set off the course of events). All defendants filed motions for summary judgment. Both Ryder and the State of Louisiana were granted summary judgments and are no longer parties to this action.
 

 The motions for summary judgment were denied as to International Truck and Engine Corporation, Cardinal, and Kendrick Johnson. After further discovery was conducted, Cardinal and Kendrick Johnson filed a motion to re-urge summary judgment that was granted by the trial court.
 
 [1]
 
 Eddie Johnson has filed an appeal from that judgment, seeking its reversal. Defendants/appellees, Cardinal and Kendrick Johnson, have filed an answer to the appeal seeking dismissal of the | ¿appeal and requesting appeal costs and attorneys’ fees. No reason was given for the request to dismiss the appeal, and this Court finds the appeal is properly before us. Thus, the judgment at issue herein will be reviewed.
 

 
 *1129
 

 LAW AND ANALYSIS
 

 Summary judgments are appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
 
 [2]
 
 The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure is favored and shall be construed to accomplish these ends.
 
 [3]
 
 The burden of proof on a motion for summary judgment remains with the movant; however, when the mov-ant will not bear the burden of proof at trial on the matter before the court on the summary judgment motion, the burden does not require the movant to negate all essential elements of the adverse party’s claim, but rather to point out that there is an absence of factual support for one or more elements essential to that claim.
 
 [4]
 

 Plaintiffiappellant’s expert, Stephen Kill-ingsworth, determined that the accident occurred as a result of the movement of the multiple-part seat frame assembly traveling past the upper travel stop pins and the secondary upper travel limiters. Mr. Killingsworth stated that the tethers failed to sufficiently restrict the movement of the multiple-part seat frame assembly to the position normally held by the upper travel pins.
 

 Cardinal and Kendrick Johnson do not dispute that expert finding that the seat malfunction was the cause of the accident. Nor do they dispute that Eddie Johnson was injured as a result of that accident. Rather, Cardinal and Kendrick |5Johnson successfully argued in the re-urged motion for summary judgment that, after Mr. Kill-ingsworth’ s deposition was taken, it was clear that Eddie Johnson could not present proof of the essential element of knowledge. Therefore, they asserted, Eddie Johnson could not satisfy his burden at trial and summary judgment should be granted.
 

 The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
 
 [5]
 
 To impose liability for an unreasonably dangerous defect a plaintiff has the burden to show that the thing was in the custodian’s custody or control, it had a vice or defect that presented an unreasonable risk of harm, the defendant knew or should have known of the unreasonable risk of harm, and that the damage was caused by the defect.
 
 [6]
 
 The addition of the element of knowledge to La. C.C. art. 2317.1 has effectively turned it from strict liability to a negligence claim.
 
 [7]
 
 The concept of constructive knowledge imposes a reasonable duty to discover apparent defects in things under the defendant’s garde.
 
 [8]
 

 
 *1130
 
 Eddie Johnson stated that, when he returned to Cardinal and reported the incident, the dispatcher, Dwayne Cola, indicated that he knew about the defective seat and responded angrily that Kendrick Johnson should have had the seat fixed.
 

 Dwayne Cola, operations manager for Cardinal, testified that he did not recall telling Eddie Johnson after the accident that Kendrick Johnson should have | f;had the seat fixed. Although he did testify that he remembered Kendrick Johnson stating that he sometimes had to lock the seat down, or it would come up. This occurred when “Kendrick first got the truck.” Mr. Cola also testified that he thought that maybe Kendrick Johnson took the truck in to be repaired, but the mechanics could find nothing wrong with the seat. Mr. Cola admitted he could not be sure the truck seat was examined and has never looked at the service records on the vehicle. After the accident, Mr. Cola spoke to Kendrick Johnson and to the mechanic who serviced the truck. Both men told him the seat had to be locked down or it would go up. Mr. Cola admitted he never told Eddie Johnson about the necessity of locking down the seat. Mr. Cola opined that Eddie Johnson adjusted the seat when he got in and then did not lock it down.
 

 Mr. Larry Blankenship testified as an expert for Cardinal and Kendrick Johnson. His findings after examination of the seat were that, with the exception of a damaged upper stop pin, the seat system was in good condition.
 

 Both Cardinal and Kendrick Johnson argue that the deposition of plaintiff/appellant’s expert, Stephen Killingsworth, established that the essential element of knowledge cannot be proven at trial. We have reviewed Mr. Killingsworth’s deposition and find it is insufficient to support defendants/appellees’ conclusion. Mr. Kill-ingsworth made no determination on the issue of prior knowledge of the defective seat. While Mr. Killingsworth is an expert in accident reconstruction and established that the accident was caused by a manufacturer’s defect, he did not establish when the defect first caused the seat to go beyond its high limit. Mr. Killingsworth stated that it was his opinion that the tethers were too long to prevent Eddie Johnson from striking the tractor cab roof, after the multiple-part seat frame assembly traveled past the upper travel pin. Mr. Killingsworth merely admitted that he had no evidence to show that Cardinal knew |7or should have known about the problem before Eddie Johnson’s accident. Mr. Killingsworth also testified that he saw no evidence that the seat had been repaired either before or since the accident. In conclusion, Mr. Killingsworth gave no opinion on the issue of what, if any, prior knowledge either Kendrick Johnson or Cardinal may have had. That testimony does not show that Eddie Johnson cannot prove that either Kendrick Johnson or Cardinal knew or should have known about the defective seat.
 

 Thus, the only testimony that remains directly affecting the issue of prior knowledge are the competing statements of Eddie Johnson and Dwayne Cola.
 

 It is well settled that our review of summary judgments is to be done
 
 de novo
 
 under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 [9]
 
 We must consider whether the summary judgment is appropriate under the circumstances of the case and whether there is a genuine or triable issue on which reasonable minds could disagree. A material fact
 
 *1131
 
 is one that would matter in the trial on the merits.
 
 [10]
 

 Upon review, we are reminded that a summary judgment is not a substitute for a trial on the merits.
 
 [11]
 
 Thus, it is an underlying principle in consideration of motions for summary judgment that no credibility determinations can be made when conflicting evidence exists.
 
 [12]
 
 We find the trial court erred in making a credibility determination on the issue of prior knowledge, an essential element of the action. Therefore, we find the trial court erred in granting summary judgment in favor of Cardinal and Kendrick Johnson, and we vacate that judgment. We | ¿further remand this matter to the trial court for further proceedings consistent with our opinion.
 

 The prayer for attorney’s fees and costs of appeal made in the answer to this appeal filed by Cardinal and Kendrick Johnson is hereby denied. All costs of this appeal are assessed to Cardinal and Kendrick Johnson.
 

 JUDGMENT VACATED; MATTER REMANDED
 

 [1]
 

 . Although the judgment only references Cardinal Freight Carriers Inc., the trial court granted the motion as re-urged, thus including Kendrick Johnson.
 

 [2]
 

 . La. C.C.P. art. 966(B).
 

 [3]
 

 . La. C.C.P. art. 966(A)(2).
 

 [4]
 

 . La. C.C.P. art. 966(B)(2).
 

 [5]
 

 . La. C.C. art. 2317.1.
 

 [6]
 

 .
 
 Monson v. Travelers Prop. & Cas. Ins. Co.,
 
 06-921 (La.App. 5 Cir. 4/24/07), 955 So.2d 758.
 

 [7]
 

 .
 
 Leonard v. Parish of Jefferson,
 
 05-32 (La.App. 5 Cir. 4/26/05), 902 So.2d 502.
 

 [8]
 

 .
 
 Dufrene v. Gautreau Family, LLC,
 
 07-467 (La.App. 5 Cir. 2/22/08), 980 So.2d 68,
 
 writs denied,
 
 08-0629-0628 (La.5/9/08), 980 So.2d 694.
 

 [9]
 

 .
 
 Kinchen v. Louie Dabdoub Sell Cars, Inc.,
 
 05-218 (La.App. 5 Cir. 10/6/05), 912 So.2d 715,
 
 writ denied,
 
 05-2356 (La.3/17/06), 925 So.2d 544.
 

 [10]
 

 .
 
 Western v. Stoot,
 
 05-186 (La.App. 5 Cir. 10/6/05), 916 So.2d 1195.
 

 [11]
 

 .
 
 Id.
 

 [12]
 

 .
 
 Independent Fire Ins. Co. v. Sunbeam Corp.,
 
 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226.