JOHNSON, J.,
Dissents, In Part, With Reasons.
hi, respectfully, dissent, in part, from the majority opinion on whether Defendants, David DeMonte and Paul Varisco, could be held personally liable for the alleged breach of contract by GALCO.
Appellants allege the trial court erred in granting summary judgment in favor of Defendants and dismissing their third-party demand by finding Defendants were not guarantors of the sale contract. Appellants aver there is serious disagreement concerning the nature and significance of Defendants signatures on the sale contract as intervenors. Appellants contend that Defendants executed the sale contract in their respective personal capacities. Appellants also contend Defendants signed the sale contract as intervenors to give the impression that they were signing as counterparts to Louis Alack, guaranteeing the performance of GALCO’s obligations under the contract.
Defendants maintain they are not personally liable for the debts of GALCO. They further maintain the evidence clearly establishes that neither of them signed as personal guarantors. Defendants claim their signatures as intervenors on the sale contract were simply due to the fact that the sale contemplated they would remain as employees of LCESI; and that under the contract, they were granted access to the financial records of LCESI for the purposes of calculating the final | ¡.payment of the sale. Defendants aver the sale contract is void of any language that would suggest they would be held as personal guarantees for GALCO.
Upon de novo review of a summary judgment, this Court must consider whether there is a genuine or triable issue on which reasonable minds could disagree. Johnson v. Ryder Truck Rental, Inc., 10-834 (La.App. 5 Cir. 5/24/11); 66 So.3d *103 1127, 1130. A material fact is one that would matter in the trial on the merits, and a summary judgment is not a substitute for a trial on the merits. Id. at 1130-31. It is an underlying principle in consideration of motions for summary judgment that no credibility determinations can be made when conflicting evidence exists. Id. at 1131.
In summarizing the law on contract interpretation, this Court has held:
We are obligated to give legal effect to contracts according to the true intent of the parties. La. C.C. art. 2045. The true intent of the parties to a contract is to be determined by the words of the contract when they are clear, explicit, and lead to no absurd consequences. La. C.C. art. 2046. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art. 2046. In such cases, the meaning and intent of the parties to the written contract must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. La. C.C. art. 1848. Contracts, subject to interpretation from the instrument’s four corners without the necessity of extrinsic evidence, are to be interpreted as a matter of law, and the use of the extrinsic evidence is proper only where a contract is ambiguous after an examination of the four corners of the agreement. In cases in which the contract is ambiguous, the agreement shall be construed according to the intent of the parties. Intent is an issue of fact which is to be inferred from all of the surrounding circumstances. A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and other contracts of a like nature between the same parties. La. C.C. art. 2053. Whether a contract is ambiguous or not is a question of law. Where factual findings are pertinent to the interpretation of a contract, those factual findings are not to be disturbed unless manifest error is shown.
Bourgeois, Bennett, L.L.C. v. Gauthier, Downing, Labarre Beiser & Dean, a Prof'l Law Corp., 07-842 (La.App. 5 Cir. 3/11/08); 982 So.2d 124, 126-27, citing Kappa Loyal, L.L.C. v. Plaisance Dragline & Dredging Co., Inc., 03-124 (La.App. 5 Cir. 6/19/03); 848 So.2d 765.
When a contract can be construed from the four corners of the instrument, interpretation of the contract presents a question of law that can be decided on summary judgment. Id. at 126. A contract is ambiguous when it lacks a provision bearing on the issue, its written terms are susceptible to more than one interpretation, there is uncertainty as to its provisions, or the parties’ intent cannot be ascertained from the language used. Id. at 127, citing Campbell v. Melton, 01-2578 (La.5/14/02); 817 So.2d 69.
In the case at bar, Defendants signed the sale contract between GALCO and LCESI as intervenors for GALCO.[6] Although there are numerous definitions provided in the contract, there is no general definition describing the capacity or responsibilities of an intervenor. The only provision regarding intervention provides the following:
8. INTERVENTION
Now intervenes the LCESI’s Guarantor, who binds himself with LCESI to the performance of LCESI’s obligations *104 hereunder and in the LCESI Employment Contracts.
This provision does not indicate, as Appellants argue, that Defendants are guarantors for GALCO. However, there is also an absence of evidence in the sale contract that Defendants only signed as intervenors for the purposes of continued employment with GALCO and access to the company’s financial records. If it was only meant for Mr. DeMonte to act in his official capacity, there would have been no need for him to sign the document twice. It is apparent from Mr. DeMonte’s |4two signatures on the sale contract that there is a distinction between him signing as the president of GALCO and him signing as an intervenor. Because the intent of the roles of Defendants as intervenors cannot be ascertained from the language used within the contract, I find the contract is ambiguous as to the true purpose of Defendants as intervenors and should be determined by the trier-of-fact.
Additionally, conflicting deposition testimony was presented to the trial court as to the intent of the parties regarding the signing of the contract by Defendants as intervenors. In support of their position that they were not guarantors to the contract, Defendants submitted portions of the deposition of Greg J. Alack. In the portions of Greg’s testimony that were submitted, the following exchanges, in pertinent part, occurred between Greg and Defendants’ attorney:
Q. Please show me where in the contract document Dave DeMonte and Paul Varisco appeared as guarantors of anything.
A. Intervenors Paul Varisco and Dave DeMonte.
Q. That wasn’t my question.
A. Oh, what was your question?
Q. My question was guarantors. There’s a difference between inter-venor and guarantor. Please look at the document and tell me where you see that they appeared as guarantors.
A. I don’t see the word “guarantors.”
Q. Do you have any other document you’re aware of agreed to by the parties where Paul Varisco and Dave DeMonte were guarantors of the sale agreement?
A. Not that I’m aware of.
Q. So to the extent that the reconven-tional demand alleges that Dave De-Monte and Paul Varisco were guarantors under the contract, that is simply not true; isn’t that correct?
A. I don’t know. I don’t really know the definition of how |Kthat’s supposed to work out because it says appearing as — I’m not trying to be^ — I mean, I just really — I don’t know. I don’t know.
Later in the deposition, Greg is questioned about the verbal guarantees of Defendants.
Q. And is it also fair to say that neither Dave DeMonte nor Paul Varisco guaranteed anything to Alack Refrigeration or to you with regard to the sales contract? In other words, you’re not aware of any verbal guarantee either, are you?
A. Any verbal guarantee of what?
Q. Dave DeMonte and Paul Varisco.
A. Right. Of what? Any verbal guarantee?
Q. Guaranteeing that they would owe any type of reimbursement if any such thing were owed under the contract.
A. No. Because we never discussed any type of reimbursement being possible, so no.
*105 In support of their opposition to the motion for summary judgment, Appellants also submitted portions of Greg J. Alack’s deposition. In the relevant portion to this issue, the following exchange occurred:
Q. Okay. And what was the purpose for that; for Paul Varisco and Dave DeMonte intervening?
A. So that they would personally be responsible for making sure that GALCO lived up to its responsibilities, and expectations, of the contract.
Q. And why was that that you understood?
A. Because, at the end of this (indicating) transaction, we were purchasing all of the assets of GALCO; so GALCO would then have no additional assets; so they would be intervening on behalf of GALCO.
From the deposition of Greg J. Alack, two positions could be argued as to whether Defendants’ signatures to the contract meant they were guarantors for GALCO. Defendants did not submit any deposition testimony or affidavits from |fiMr. Varisco or Mr. DeMonte stating that they were not guarantors to the contract and only signed as intervenors for employment purposes. Defendants failed to submit any evidence as to the intent of their signatures as intervenors.
These facts, along with the fact that the roles of the intervenors cannot be ascertained from the four corners of the contract, convince me that this issue is not appropriate for summary judgment. In my opinion, I do not think that Defendants have proven that there are no genuine issues of material fact and they are entitled to summary judgment as a matter of law. Therefore, I am of the opinion there is a genuine issue of material fact remaining for the issue of whether Mr. Varisco and Mr. DeMonte could be held personally liable as guarantors for GALCO, and summary judgment on this issue is not appropriate at this point in the proceeding.

. It is noted that Mr. DeMonte also signed the agreement on a separate line for GALCO in his official capacity as president of the company.