612 So.2d 70 (1993)
Priscilla TILLMAN, Individually and as Duly Qualified Natural Tutrix of Her Minor Child, Cedric Tillman
v.
David JOHNSON.
No. 92-C-3277.
Supreme Court of Louisiana.
February 5, 1993.
PER CURIAM.
Petitioner's writ application is granted. The decision of the First Circuit Court of Appeal is reversed and the case is remanded to the Seventeenth Judicial District Court for trial on the merits. The filings in this case fail to show that there is no genuine issue as to material fact and that the defendants are entitled to judgment as a matter of law. La.C.Civ.P. art. 966(B). On the contrary, the filings in this case indicate that there is a genuine dispute as to whether the lead-based paint on the defendants' respective properties presented an unreasonable risk of harm to the petitioner's minor child for purposes of strict liability under La.Civ.Code art. 2317. This is a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts. See, e.g., Entrevia v. Hood, 427 So.2d 1146 (La.1983); Landry v. State of Louisiana and the Board of Levee Commissioners of the Orleans Levee District, 495 So.2d 1284 (La. 1986). See also Oster v. Dept. of Transp. & Development, 582 So.2d 1285 (La.1991). Therefore, the entry of summary judgment must be reversed and a trial held on the merits of the case.
LEMMON, J., votes to grant and docket to determine whether La.Rev.Stat. 40:1299.20-29 establishes the standard of care for lessors in lead poisoning cases from paint in leased premises.
MARCUS, J., not on panel.