JiGREMILLION, Judge.
The plaintiffs, Rodney Dean • Brunet and Nora Earlene Slaughter Brunet, individually and on behalf of their minor son, Rodney Darrell Brunet, appeal a judgment of the trial court granting summary judgment in favor of the defendant, Central Louisiana Electric Company (CLECO), and dismissing their claims against it. After reviewing the record, we reverse and remand.
.FACTS
On September 1, 1993, the Brunets’ son was injured when the vehicle he was driving spun out of control and struck a utility pole as he was trying to avoid a vehicle driven by Michelle Chenevert. Brunet was traveling west on Highway 29, which intersects with Highway 115 in Avoylles Parish. Highway 29 is the favored road; .stop signs control traffic entering Highway 29 from Highway 115. ■ As Brunet approached the intersection, two vehicles approached the stop sign on Highway 115. [2While the driver of the first vehicle was unknown, the driver of the second vehicle was Chenevert. Bonnie Cobb and her daughter, Susan White, were traveling east on Highway 29. They had stopped at the intersection in order to turn north onto Highway 115, but were unable to do so because the first vehicle was partially in the westbound lane of Highway-29. As Brunet approached,- the first vehicle successfully turned onto Highway 29 heading east. The vehicle driven by Chenevert followed the first vehicle into the intersection directly in the path of Brunet’s vehicle. Brunet tried to-evade Chenevert’s vehicle but lost control of his vehicle, possibly due to water on the highway, when it spun out of control and eventually crashed into a utility pole. The utility pole, which was owned by CLECO, was located on the western side of the intersection and ten feet from the paved portion of Highway 29. Brunet suffered serious ■ head injuries as a result of this accident.
The Brunets filed suit initially against the State of Louisiana, through the Department of Transportation and Development (DOTD), and Chenevert. CLECO was added as a defendant in their first supplemental and amending petition. In addition to filing exceptions of vagueness, -ambiguity, and prescription, CLECO filed a motion for summary judgment. In support of its motion for summary judgment, CLECO introduced the affidavit of Gerald Rabalais and the deposition of State Trooper Mark Mayeaux. Raba-lais, an employee of CLECO, is the lead service mechanic for' the Bunkie area. He stated that the line of utility poles, which included the pole in question, had been in place since at least 1970. He further stated that he was hot aware of any accidents involving this utility pole occurring during the ten years prior to the accident at issue. Trooper Mayeaux testified that the utility pole jgwas located ten feet from' the travel portion of Highway 29.
In opposition to CLECO’s motion, the Brunets introduced the accident report prepared by Trooper Mayeaux and his entire deposition. They also introduced excerpts from the depositions of N. Kent Israel, David Manning, and Mark Segura. Israel, a road design engineer for the State of Louisiana, stated that pursuant to the American Association of State Highway Transportation Officials (AASHTO) clear recovery zone is a factor which is considered when designing an intersection. He further stated that the clear recovery zone for a new construction, when the speed limit is fifty miles per hour and there is no slope, is fifteen to sixteen feet. Manning stated that, although the *562 birth date of the utility pole involved in the accident was 1988, he was unsure if the pole was in place prior to that year. Segura, the general manager for distribution services of CLECO, testified that he was not aware of any rules or regulations considered by CLE-CO in determining how far to place a pole from a roadway. He further stated that safety does not factor into CLECO’s determination of the placement of its utility poles, nor did it factor into CLECO’s placement of the pole in question in 1988.
Subsequent to the hearing on the motion for summary judgment, the trial court granted judgment in favor of CLECO, finding that there was no genuine issue of material fact. It found that there was no causal relation between the utility pole and the accident, no evidence of any prior accidents involving the same utility pole, and that it was doubtful that AASHTO applied to the utility pole in question. A judgment was rendered on September 9,1997, dismissing with prejudice the Brunets’ claims. They appeal this judgment.
J4ISSÜES
On appeal, the Brunets raise four assignments of error. The first two basically pertain to the trial court’s finding that there was no genuine issue of material fact. They further argue in assignments of error numbers three and four that the trial court erred by failing to leave the record open to allow them additional time to obtain the affidavit of their expert in order to rebut the affidavit of CLE-CO’s witness.
MOTION FOR SUMMARY JUDGMENT
Following the amendment of the summary judgment law, summary judgment is now favored. It shall be used to “secure the just, speedy, and inexpensive determination” of all actions, except those excluded by La.Code Civ.P. art. 969. La. Code Civ.P. art. 966(A)(2). The 1997 amendment of the summary judgment law is procedural and is to be applied retroactively. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498. The trial court is required to render summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. Code Civ.P. art. 966(B). When faced with a motion for summary judgment supported by affidavits based on personal knowledge made by persons competent to testify on the matter, the opposing party cannot rest on his pleadings but must respond by affidavits, deposition testimony, or interrogatory answers that enumerate specific facts showing a genuine issue exists for trial. La.Code Civ.P. art. 967. Finally, it is well settled that the appellate review of summary judgment is de novo, applying the same standard as the trial court. Accordingly, we undertake a de novo review of the matter at bar.
I {¡DISCUSSION
In granting the summary judgment, the trial court held that there appeared to be no causal relationship between the existence of the utility pole and the accident. It went on to state that “[sjtrict liability does not emanate from the mere presence of the pole unless its existence presents an unreasonable risk of harm.” The supreme court recently stated that “whether a defect presents an unreasonable risk of harm ‘is a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts.’ ” Reed v. Wal-Mart Stores, Inc., 97-1174, p. 4 (La. 3/4/98); 708 So.2d 362, quoting Tillman v. Johnson, 612 So.2d 70 (La.1993) (per curiam). After reviewing the record, we find that a genuine issue of material fact remains concerning whether this utility pole presented an unreasonable risk of harm.
The trial court further considered the fact that there was no ,evidence of prior accidents involving that utility pole, based on the deposition testimony of Trooper Mayeaux and the affidavit of Rabalais. Although the defendant’s prior knowledge of a defective condition will give rise to a duty to act and is a prerequisite for a finding of negligence, there is no such requirement pursuant to a *563 strict liability claim.[1] In a strict liability suit it is the defendant’s legal relationship with the defective property which gives rise to the duty to act. Blanchard v. State, Through Parks and Recreation Com’n, 97-195 (La.App. 3 Cir. 10/8/97); 702 So.2d 768, writ denied, 97-2831 (La.1/30/98); 709 So.2d 712. Thus, whether or not CLECO had prior knowledge of any accidents involving this utility pole will not preclude a finding of | ¿fault under strict liability if it is proven that the pole presented an unreasonable risk of harm. Considering the foregoing, we find that there are genuine issues of material fact which preclude the granting of a motion for summary judgment in this matter.
Our finding vacating the trial court’s judgment precludes the need for discussion of the Brunets’ final two assignments of error.
CONCLUSION
Based on our findings, we vacate the trial court’s granting of Central Louisiana Electric Company’s motion for summary judgment, and remand the matter for further proceedings. The costs of this appeal are assessed against the defendant-appellee, Central Louisiana Electric Company.
VACATED AND REMANDED.

. Louisiana Civil Code article 2317 provides in pertinent part, “We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the áct of persons for whom we are answerable, or of the things which we have in our custody.”