SUSAN M. CHEHARDY, Chief Judge.
lain this civil matter, the plaintiff/appellant, Shirley Babino (“Ms. Babino”), asks this Court to reverse summary judgment that dismissed her action in tort against defendant/appellee, Laurel Outdoor, L.L.C. For reasons that follow, we affirm the ruling of the trial court.

Facts and Procedural History

In her petition, Ms. Babino asserts that, on January 16, 2010, she was leaving a designated bus stop in Jefferson Parish when she tripped and fell over “exposed bolts and/or hollow pipe[,] which was protruding out of the ... concrete in which it was embedded.” Ms. Babino sued, among others, Laurel Outdoor, L.L.C. (“Laurel”), as the owner, custodian, or contractor of the bus stop in question.
Laurel filed a motion for summary judgment on the basis that Laurel did not owe a duty to Ms. Babino because the defect in *1125 the bus stop was open and obvious and known to Ms. Babino for months before this incident, and, thus, not unreasonably dangerous. To its motion, Laurel attached the original petition; an affidavit of Dana Pecoraro as owner of Laurel Outdoor, L.L.C.; and an excerpt from Ms. Babino’s deposition in this matter. Ms. Babino filed an opposition to the |?,summary judgment contending that there existed genuine issues of material fact regarding the “open and obvious” nature of the defect and Laurel’s duty in this matter. To her opposition, Ms. Babino attached photographs of the exposed bolts that constitute the alleged defect and relevant affidavits.
On December 16, 2011, the trial court rendered summary judgment and dismissed all of the claims against Laurel.

Law and Argument

Here, Ms. Babino appeals contending that the trial court erred in granting summary judgment because there exist genuine issues of material fact in this case. Specifically, she argues that whether the support bolts presented an unreasonably dangerous condition is an issue of fact that should be presented to the jury.
First, Laurel’s owner, Dana Pecoraro, attests that Laurel holds the contract with Jefferson Parish to erect and maintain bus stops throughout the Parish. Further, Mr. Pecoraro attests that removal of the support bolts would have required the replacement of the concrete foundation to reinstall a new bus shelter.
Second, Ms. Babino testified, in her deposition, that, almost every day for 18 years, she caught the bus at the bus stop in question. She remembered that, until a few months before the incident in question, there had been a shelter at the bus stop, which had to be removed after it was damaged.
Ms. Babino testified that, after the shelter was removed, there was still a bench at the bus stop. Ms. Babino stated that she also observed for months before the incident in question that large bolts, which previously anchored the shelter, remained embedded in the concrete. Ms. Babino admitted that she did not call either the Parish or Laurel to report the bolts as dangerous because “it didn’t seem dangerous at that time.”
|4Ms. Babino testified, on the day of the incident, she was waiting for the bus when a friend called to her from a nearby car to offer her a ride home. After Ms. Babino began walking toward the nearby car, her right foot hit one of the bolts and she fell “straight onto” her hands.
Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment. Id.
On appeal, our review of summary judgments is de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Pizani v. Progressive Ins. Co., 98-225 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086, 1087. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Muller v. Carrier Corp., 07-770 *1126 (La.App. 5 Cir. 4/15/08), 984 So.2d 883, 885.
La. C.C. art. 2817.1, which was added by Acts 1996, 1st Ex.Sess., No. 1, § 1 reads:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the | ¿ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
Thus, to prove liability for an unreasonably dangerous defect, a plaintiff has the burden to show that the thing was in the custodian’s custody or control, it had a vice or defect that presented an unreasonable risk of harm, the defendant knew or should have known of the unreasonable risk of harm, and that the damage was caused by the defect. Jeansonne v. S. Cent. Bell Tel. Co., 08-568 (La.App. 5 Cir. 1/13/09), 8 So.3d 613, 616-21; La. C.C. art. 2317.1. La. C.C. art. 2317.1 eliminated the distinction between the strict liability and negligence of the owner or custodian of property, by requiring a showing of knowledge or constructive knowledge in order to impose liability. Maiorana v. Melancon Metal Bldgs., Inc., 05-933 (La.App. 5 Cir. 4/25/06), 927 So.2d 700, 703 (citation omitted).
Not every defect gives rise to liability. Monson v. Travelers Property, 06-921 (La.App. 5 Cir. 4/24/07), 955 So.2d 758, 761. The defect must be of such a nature to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Id. The fact that a pedestrian fell does not elevate automatically the condition of a street to that of an unreasonably dangerous defect. Moore v. Oak Meadows Apartments, 43,620 (La.App. 2 Cir. 10/22/08), 997 So.2d 594, 598. Several factors may be considered in determining whether a hazard presents an unreasonable risk of harm. The degree to which the danger is evident to the plaintiff is one factor in determining whether the condition is unreasonably dangerous. Id. If the facts of a particular case show that the complained of condition should be obvious and apparent to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff. Pitre v. Louisiana Tech University, 95-1466 (La.5/10/96), 673 So.2d 585, 591 (citations omitted).
 16SpecificaIly, in a trip and fall case, the duty is not solely with the landowner. A pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear. Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La.2/20/04), 866 So.2d 228, 235. The degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous. A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care or which was as obvious to a visitor as it was to the landowner. Id.
We acknowledge that whether a defect presents an unreasonable risk of harm “is a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts.” Tillman v. Johnson, 612 So.2d 70 (La.1993). Further, causation is a question of fact. Nevertheless, to overrule a grant of summary judgment, we must find a material fact still at issue. La. C.C.P. art. 966. A material fact is one whose existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Smith v. Our Lady of the Lake *1127 Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751.
Upon a de novo review of the facts presented and the applicable law, we find no error in the trial court’s grant of summary judgment in favor of Laurel. Ms. Babino knew for several months that the support bolts were protruding from the concrete at the bus stop and she walked near the bolts without watching where she was stepping. Additionally, she admits she never expressed concern about the existence of the support bolts to appellee, Laurel. We find that Ms. Babino, as the party with the burden of proof at trial, has failed to produce factual support sufficient to show that she will be able to meet her evidentiary burden of proof at trial as required by law; therefore, summary judgment was appropriate. La. C.C.P. 17art. 966(C)(2). After an analysis of the applicable law, we cannot find a material fact remaining to be decided that would preclude a grant of summary judgment on the issues of whether the support bolts posed an unreasonable risk of harm. Accordingly, we affirm the grant of summary judgment as to Laurel.

AFFIRMED