# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-224


CRYSTAL GROSSIE

VERSUS

MGM PROPERTIES, INC., ET AL.



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20130248
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## D. KENT SAVOIE
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John E. Conery, and D. Kent Savoie, Judges.


**AFFIRMED.**

**Cooks, J., dissents and assigns reasons.**

**Matthew J. Hill, Jr.**
**Attorney at Law**
**711 West Pinhook Road**
**Lafayette, Louisiana 70503**
**(337) 989-8100**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**State Farm Fire & Casualty Co.**
**MGM Properties, Inc.**

**Norris J. Greenhouse**
**Attorney at Law**
**Post Office Box 444**
**Marksville, Louisiana 71351**
**(318) 253-6394**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Crystal Grossie**

**SAVOIE, Judge.**

Plaintiff Crystal Grossie appeals the ruling of the trial court, granting Defendant State Farm Fire and Casualty Company's (State Farm) Motion for Summary Judgment and dismissing Grossie's claims. For the following reasons, we affirm.

## FACTS

On the afternoon of February 21, 2012, Crystal Grossie was walking to a Mardi Gras parade in Lafayette, Louisiana. On the way, she passed through a property located at 1015 St. John Street and owned by Defendant MGM Properties, Inc. While on the property, Grossie tripped and fell on a piece of metal that was driven into the ground adjacent to the walkway. In her Petition for Damages filed January 15, 2013, she claimed to have sustained damages to her chin, jaw, hip, neck and back, as well as fracturing several teeth. Grossie named as Defendants MGM Properties, Inc., the owner of the property, and its property insurer State Farm. Grossie subsequently filed a Partial Judgment of Dismissal which dismissed MGM Properties, Inc., leaving State Farm as the only Defendant.

State Farm filed a Motion for Summary Judgment on December 29, 2015, alleging a lack of evidence regarding: (1) whether the condition presented an unreasonable risk of injury; and (2) whether MGM Properties, Inc. and/or State Farm had the requisite prior knowledge of the condition. After a hearing on the motion held October 16, 2017, the trial court granted State Farm's Motion for Summary Judgment and dismissed Grossie's claims with prejudice. Grossie now appeals.

## ASSIGNMENTS OF ERROR

1. The trial court was manifestly erroneous in failing to submit on the record or in writing its [reasons for granting] Appellees/Defendants' Motion for Summary Judgment.

2. The trial court committed manifest error in granting the Appellee/Defendants' Motion for Summary Judgement stating lawn timber and metal stripping are not hazardous.

3. The trial court erred as a matter of law as there are genuine issue of material facts in this case that should be decided by the trier of fact as this case was scheduled as a jury trial.

## LAW AND DISCUSSION

### I. Standard of Review

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Civ.Code art. 966(D)(1).

"Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate." *Larson v. XYZ Ins. Co.*, 16-745, p. 6 (La. 5/3/17), 226 So.3d 412, 416.

## II. *Assignment of Error Number One*

Grossie first argues that the trial judge failed to state on the record or in writing the reasons for ruling. Louisiana Code of Civil Procedure Article 966(C)(4) governs the procedural rules for motions for summary judgment and states, in pertinent part: "In all cases, the court shall state on the record or in writing the reasons for granting or denying the motion."

A review of the hearing transcript finds the following discussion:

MR. GREENHOUSE: But if the Court wants us to address anything, I would be happy to address it.

THE COURT: Not for me, with the facts. You know, we're talking about wood landscaping as well as metal spike, as to whether or not that was the hazard.

MR. HILL: Whether that is the defect.

THE COURT: So, all right. I'm going to grant MGM' motion for judgment, and State Farm. Okay.

MR. HILL: Thank you, your honor. I did not prepare a judgment because we didn't know we were going to submit the –

THE COURT: Prepare one and get him to approve it as to form.

The 2015 Comments to La.Code Civ.P. art. 966 state:

(i) Subparagraph (C)(4) is new. The court shall state either on the record or in writing the reasons for granting or denying the motion. Nevertheless, the court does not have to address every reason or argument, and the form and detail of the reasons are left to the discretion of the court.

While abbreviated, the reasons for the trial court's grant of the motion for summary judgment can be determined from the transcript. The trial judge clearly finds that the wood landscaping and the metal spike were not defects under the applicable law. As stated in the comments, the trial judge need not address every reason or argument put forth by counsel. As such, we find no merit in this assignment of error.

*III. Assignments of Error Number Two and Three*

Plaintiff next argues that the trial court erred in finding the wood landscaping and metal stripping were not hazardous defects and that there are genuine issues of material fact that exist in this case. The law applicable to this claim is found in La.Civ.Code art. 2317.1, which states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Under La.Civ.Code art. 2317.1, Plaintiff has the burden to prove the following:

> (1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant knew or should have known of the vice or defect, (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care. If the plaintiff fails to provide proof any one of these elements, his/her claim fails.

*Riggs v. Opelousas Gen. Hosp. Trust Authority*, 08-591, p. 3 (La.App. Cir. 11/5/08), 997 So.2d 814, 816-17. Under La.Civ.Code art. 2317.1, a defect is a condition creating an "unreasonable risk of harm." *Moore v. Oak Meadows*

4

*Apartments*, 43,620 (La.App. 2 Cir. 10/22/08), 997 So.2d 594 (citation omitted).

"Not every defect gives rise to liability. The defect must be of such a nature to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances." *Ruschel v. St. Amant*, 11-78, p. 6 (La.App. 5 Cir. 5/24/11), 66 So.3d 1149, 1153 (quoting *Jeansonne v. South Cent. Bell Telephone Co.*, 08-568, pp. 9-10 (La.App. 5 Cir. 1/13/09), 8 So.3d 613, 619).

> There is no fixed rule for determining whether the thing presents an unreasonable risk of harm. The trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair. Simply put, the trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others. *Reed v. Wal–Mart Stores, Inc.,* 97–1174 (La.03/04/98), 708 So.2d 362; *Johnson, supra.*
>
> There are several factors that may be considered in determining whether a hazard presents an unreasonable risk of harm. The degree to which a danger is evident to a potential victim is one factor in determining whether the condition is unreasonably dangerous. *Johnson, supra;* (citations omitted). The accident history of the defect is also a relevant consideration in the unreasonable risk evaluation. *Reed, supra; Boyle v. Board of Sup'rs, Louisiana State University,* 96–1158 (La.01/14/97), 685 So.2d 1080.

*Moore*, 997 So.2d at 598-99. "[I]n a trip and fall case, the duty is not solely with the landowner." *Babino v. Jefferson Transit*, 12-468, p. 6 (La.App. 5 Cir. 2/21/13), 110 So.3d 1123, 1126. "A pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear." *Id.* (citing *Hutchinson v. Knights of Columbus, Council No. 5747,* 03-1533 (La. 2/20/04), 866 So.2d 228).

> [W]hether a defect presents an unreasonable risk of harm "is a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts." *Tillman v. Johnson,* 612 So.2d 70 (La.1993). Further, causation is a question of fact. Nevertheless, to overrule a grant of summary judgment, we must find a *material fact* still at issue. La. C.C.P. art. 966. A material fact is one whose existence or nonexistence may be essential to plaintiff's cause

5

of action under the applicable theory of recovery. *Smith v. Our Lady of the Lake Hosp., Inc.,* 93–2512 (La.7/5/94), 639 So.2d 730, 751.

*Id.* at 1126-27.

State Farm attached, in support of its' motion, the affidavit of Kevin C. Vanderbrook, a licensed professional engineer in the state of Louisiana. After observing the incident location, he opined that "the sidewalk on the east side of the subject property and yard in front of the subject building do not contain any unreasonably hazardous conditions or unsafe maintenance issues. The yard and edging are well maintained and are open and obvious to persons exercising a reasonable amount of care." Also included in the record are numerous photographs of the area in question that clearly show the metal edging, sidewalk, and yard of the building.

Upon a review of the evidence presented and the applicable law, we find no error in the trial court's ruling. The metal edging was open and obvious, and that fact, coupled with Ms. Grossie's duty to observe that the pathway is clear, precludes it from rising to the level of presenting an unreasonable risk of harm. We find that Crystal Grossie, as the party with the burden of proof at trial, has failed to produce factual support sufficient to show that she will be able to meet her evidentiary burden of proof at trial. Therefore, summary judgment was appropriate in this matter. In addition, we find no genuine issues of material fact that exist in this case. Assignments of error number two and three lack merit.

### DECREE

The trial court's judgment on Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment, granting the motion and dismissing

Plaintiff Crystal Grossie's claims, is affirmed.  All costs associated with the appeal are assessed to Crystal Grossie.

**AFFIRMED.**

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-224

**CRYSTAL GROSSIE**

**VERSUS**

**MGM PROPERTIES, INC., ET AL.**

**COOKS, J., dissents.**

I respectfully dissent from the majority opinion affirming the trial court's grant of summary judgment in this matter. I have reviewed the record and find the trial court failed to follow the express dictates of La.Code Civ.P. art 966(C)(4) and "state on the record or in writing the reasons for granting or denying the motion." While, as the majority notes, it is not necessary for the trial court to address every reason or argument put forth by counsel, it still must state its reasons for granting or denying the motion. A review of the record shows the trial court did not do so. It is not this court's function to assume what the trial court's reasoning is in reaching its decision and to provide those reasons for the first time here on appeal. The trial court is required to state it's reasons for ruling, either orally or in writing in the record, to comply with La.Code Civ.P. art 966(C)(4). As that was not done, I believe we must reverse the grant of summary judgment and remand for further proceedings.

The disputed issue in this case is not whether the landscaping and metal edging were hazardous defects, but rather were they open and obvious to a pedestrian exercising reasonable care. There are genuine issues of material fact on this issue which should have precluded summary judgment from being granted in this case. The majority relies on the affidavit of Kevin Vanderbrook, who opined the sidewalk area in question did not contain any unreasonably hazardous conditions or unsafe maintenance issues and was open and obvious to persons exercising reasonable care. Plaintiff notes Mr. Vanderbrook did not examine and view the property in question

until nearly **five years** after the accident. Plaintiff maintained the metal stripping which caused her to trip was obscured underneath clover and high grass. The photographs taken by Mr. Vanderbrook show no indication of any clover or high grass in the area of the metal stripping. While those pictures sufficiently show the area in question, nearly five years after the accident, was well maintained and open and obvious to persons exercising reasonable care, it does not establish the condition of the property on the date the accident occurred. For this reason, as well, I find summary judgment should not have been granted in this matter.