SUSAN M. CHEHARDY, Judge.
12Albert Ruschel appeals a summary judgment dismissing his personal injury suit. We affirm.
FACTS
Ruschel, a licensed electrician, was working at the residence of Mary Ann St. Amant and Edgar St. Amant in Crown Point, Louisiana, on March 7, 2009. He needed to access the electrical facilities on the outside of the residence, but to do so he had to climb over a barge hatch cover that was lying flat on the ground outside the house. In attempting to climb over the barge hatch cover he slipped and fell, striking the ground and sustaining injuries to his back.
Ruschel filed suit against the St. Amants and their insurer, American National Property & Casualty Company (ANPAC). The defendants brought a motion for summary judgment, on the ground that the plaintiffs causes of action for negligence and/or premises liability against the St. Amants lack any factual support.
In their Statement of Uncontested Material Facts, the defendants asserted that the plaintiff testified in his deposition as follows: He had been working at the St. Amants’ residence for several days before the day of the accident. The barge | ¡¡hatch cover had been in the same place outside the house during that time. He had walked across the barge hatch cover a number of times while working in the area. On the morning of March 7, 2009, he slipped on the barge hatch cover. The barge hatch cover was obvious, was not hidden, and the plaintiff was able to see it. It was slippery with dew when he arrived, so he threw sand.on it. The dew had been a factor all morning and he had been working for two hours before he fell. He had slipped more than once on the barge hatch cover prior to his fall, but caught himself.
The defendants argued that the plaintiff was aware of the position of the barge hatch cover, which was obvious and not hidden; he had attempted to use sand to help his footing; and he had nearly slipped *1152 on it a number of times before he fell. The defendants contended that the barge hatch cover, as a matter of law, did not pose an unreasonable risk of harm to the plaintiff, and that the plaintiff cannot not impute any fault to the St. Amants by way of direct or premises liability. They argued the claims must be dismissed because the plaintiff cannot carry his burden of proof to impose any liability on the defendants.
In opposition to the motion for summary judgment, the plaintiff asserted he would be able to satisfy the elements of proof for premises liability. Specifically, he cited the deposition testimony of Mr. St. Amant, who testified he placed the barge hatch cover there to cover the area as a walkway from the house to the shed. He also said there was some etching on the fiberglass hatch cover, but acknowledged it was probably worn down because the hatch cover was old. The plaintiff contends this testimony satisfies the burden of proof that the damage could have been prevented by the exercise of reasonable care, and that the defendant failed to exercise such care.
|4In his affidavit in opposition to the motion for summary judgment, the plaintiff stated that electrical work to be performed was exterior work on the side of the residence; that the only access to the work area was over the fiberglass barge hatch cover, which had been placed on the ground by defendant Edgar St. Amant; that the defendants provided neither alternative access nor offered to remove the hatch cover; and that when he determined the hatch cover’s fiberglass surface was wet with dew, he took preventive measures by placing sand on the surface to provide additional traction.
After a hearing, the trial judge granted the motion for summary judgment without giving either oral or written reasons for judgment. The plaintiff appeals.
On appeal the plaintiff asserts the trial court erred in granting summary judgment in favor of the defendants by finding that the movers were entitled to judgment as a matter of law.
LAW AND ANALYSIS
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2).
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2). If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue | firemains. Id. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Underwood v. Best Western Westbank, Inc., 04-243, p. 5 (La.App. 5 Cir. 8/31/04), 881 So.2d 1271, 1274.
On appeal summary judgments are reviewed de novo. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750. An appellate court asks the same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Id.
*1153 A “genuine issue” is a “triable issue.” More precisely, “[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes.” In determining whether an issue is “genuine,” courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. “Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact.”
A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. “[Fjacts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Simply put, a “material” fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. [Citations omitted.]
Smith, 93-2512 at 27, 639 So.2d at 751.
La. C.C. art. 2317.1 provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could Rhave been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
This article effectively turns strict liability into negligence claims. Leonard v. Parish of Jefferson, 05-32, p. 4 (La.App. 5 Cir. 4/26/05), 902 So.2d 502, 504. In addition, La. C.C. art. 2317.1 actions require proof that the defendant had custody of the thing causing the injury, that the thing contained a defect — that is, a condition creating an unreasonable risk of harm, and that the defective condition caused plaintiffs injury. Id.
Not every defect gives rise to liability. The defect must be of such a nature to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. The single fact that a pedestrian falls does not automatically elevate the condition of a sidewalk to that of an unreasonably dangerous defect. Several factors may be considered in determining whether a hazard presents an unreasonable risk of harm. The degree to which the danger is evident to the plaintiff is one factor in determining whether the condition is unreasonably dangerous.
Generally a defendant has no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained of condition should be obvious to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff. Specifically, in a trip and fall case, the duty is not solely with the landowner. A pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear. The degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous. A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reason *1154 able care or which was as obvious to a visitor as it was to the landowner.
[[Image here]]
We acknowledge that whether a defect presents an unreasonable risk of harm “is a disputed issue of mixed fact and law or policy that is peculiarly a question for the Injury or trier of the facts.” Further, causation is a question of fact. Nevertheless, to overrule a grant of summary judgment we must find a material fact still at issue. A material fact is one whose existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. [Citations and footnotes omitted.]
Jeansonne v. South Cent. Bell Telephone Co., 08-568, pp. 8-10 (La.App. 5 Cir. 1/13/09), 8 So.3d 613, 619-20.
In this case Mr. St. Amant had deliberately placed the hatch cover to serve as a walkway next to his house. The plaintiff knew it was there because he had to cross it to access the area on which he was working. He was aware it was slippery from dew on that day; he even poured sand over it to try to make it less slippery. He almost slipped several times before the time when he fell and was injured.
The plaintiff asserts that despite his knowledge that the hatch cover was slippery, there was no other way to access his work area. He argues that his knowledge of the condition is not a total bar to recovery. He contends that the St. Amants had a duty to either warn of the condition’s existence or to correct it.
Under the circumstances here, we find the trial court did not err in granting summary judgment. The plaintiff clearly was aware of the slippery condition and took measures himself to deal with it, by pouring sand on the surface of the hatch cover. Although the hatch cover lay over the area the plaintiff had to use to access the house for his electrical work and he knew the surface was slippery, he made no effort to demand the hatch cover be removed. Under these circumstances, we find the barge hatch cover did not pose an unreasonable risk of harm. See Stone v. Hebert, 99-1394 (La.App. 5 Cir. 5/17/00), 762 So.2d 220.
Accordingly, the trial court did not err in granting summary judgment.
IsDECREE
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the plaintiff.

AFFIRMED