JOHN KLUMPP AND SUSAN KLUMPP

VERSUS

OCHSNER CLINIC FOUNDATION D/B/A
OCHSNER HEALTH SYSTEMS

NO. 24-CA-175

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 834-131, DIVISION "B"
HONORABLE R. CHRISTOPHER COX, III, JUDGE PRESIDING

December 18, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Stephen J. Windhorst

**AFFIRMED**
    **SJW**
    **SMC**
    **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
JOHN KLUMPP AND SUSAN KLUMPP
        Richard P. Voorhies, III
        Jameson M. Taylor
        Margaret Summersgill Burns

COUNSEL FOR DEFENDANT/APPELLEE,
OCHSNER CLINIC FOUNDATION D/B/A OCHSNER HEALTH SYSTEMS
        Michael F. Nolan, Jr.

**WINDHORST, J.**

Plaintiffs/appellants, John and Susan Klumpp, seek review of the trial court's judgment, granting Ochsner Clinic Foundation ("Ochsner") d/b/a Ochsner Health Systems' motion for summary judgment and dismissing plaintiffs' lawsuit against Ochsner. For the following reasons, we affirm the trial court's judgment.

**FACTS and PROCEDURAL HISTORY**

On October 21, 2022, plaintiffs filed a petition for damages, seeking damages from Ochsner for injuries suffered when Mr. Klumpp tripped and fell on the base of a handicap sign in the parking lot of Ochsner Health Center in Covington, Louisiana. Specifically, plaintiffs alleged that Mr. Klumpp tripped over an elevated concrete object placed in and encroaching upon the sidewalk. The petition states the concrete object was the base for a handicapped parking sign and its grey color blended in with the sidewalk creating an unreasonably unsafe tripping hazard, particularly for people with disabilities.

Ochsner filed a motion for summary judgment, asserting plaintiffs could not satisfy their burden of proof that the base of handicap parking sign created an unreasonable risk of harm or that Ochsner had actual or constructive knowledge of the alleged hazardous condition. Ochsner asserted (1) the sign was distinctive and easy to observe with a large base and differing in color from the concrete; (2) the accident occurred on a bright, sunny day, adding to the sign's visibility; (3) contrary to plaintiffs' assertion, Ochsner maintained the sign did not encroach on the sidewalk but sat between the sidewalk and the parking lot; (4) the sign was open and obvious and there was plenty of room for someone to walk past the base of the sign.

Ochsner attached to its motion (1) the petition for damages; (2) Mr. Klumpp's deposition, in which he testified he saw the handicap sign and admitted he did not look down at the base of the sign; (3) photographs of the sign and area where the incident occurred; (4) a video of the incident; and (5) affidavits from two employees

attesting that there had been no prior accidents involving an individual tripping over the handicap sign base or prior complaints regarding the sign. As to the employee affidavits, Troy Martin, a facilities manager and assistant security officer, also stated that the sign did not encroach on the sidewalk and that Ochsner had moved the signs slightly away from the parking bumper because vehicles were striking the sign when pulling into the parking spot. Don Case, a security operations supervisor, stated he had reviewed a list of accidents dating back to January 1, 2018, and there were no prior accidents or complaints regarding the handicap parking sign.

In opposition to Ochsner's motion, plaintiffs asserted the base of the sign created an unreasonable risk of harm because it violated multiple applicable building codes. Specifically, plaintiffs asserted the violations were due to the placement of the sign and Ochsner's failure to paint the base of the sign a distinctive color. Plaintiffs argued that Ochsner had started to move the signs into the garden area (away from the sidewalk) two days before Mr. Klumpp's accident, as set forth in the construction plans, but had not moved all the signs when Mr. Klumpp tripped and fell. Plaintiffs also contended that Ochsner's corporate representative had conceded the location of the handicap sign base violated an applicable building code.

Plaintiffs attached to their opposition: (1) the depositions of Don Case and Troy Martin, the Ochsner employees who provided affidavits for Ochsner's summary judgment motion; (2) an affidavit and report from Mitchell Wood, a licensed architect, general contractor, and building inspector, stating the sign base violated certain building codes and created an obstruction in the pedestrian path of travel; and (3) the 24th Judicial District Court's reasons for judgment in Tromatore v. Jefferson Parish Hospital Services District No. 2 d/b/a East Jefferson General Hospital, Case No. 787-997, which involved a slip and fall caused by a black, moldy, and dirty concrete pedestal.

After a hearing, the trial court granted Ochsner's motion for summary judgment and dismissed plaintiffs' claim. In its oral reasons for judgment, the trial court stated:

> I find there is insufficient factual support to show that Ochsner Clinic Foundation possessed actual or constructive knowledge of the alleged hazardous condition.
>
> Specifically, Troy Martin, facilities manager and assistant safety officer for Ochsner Clinic Foundation testified that he oversees the location where the fall occurred and that he has no personal knowledge of any similar tripping incidents. He further stated that he has no knowledge of any prior complaints regarding any handicapped parking signs.
>
> Donald Case, who is employed with Ochsner as their North Shore Region West security operations supervisor, testified that he has no personal knowledge of any prior similar incidents at the Covington location where a person claimed to have tripped over a handicap parking sign. He further stated he has no personal knowledge of any prior complaints concerning a handicap parking sign.
>
> Additionally, as I stated earlier, I reviewed the photographs of the handicap parking area, which were submitted as Plaintiff's Exhibit C, along with the surveillance video from the Ochsner entrance, which was submitted as Plaintiff's Exhibit D, and I note that the area in question is one that appears to be highly trafficked.
>
> Finally, considering the argument that the constructive notice element is satisfied through the combination of the plaintiff's expert, Mitchell Woo's, conclusions that the handicap sign and placement and coloring violated certain safety codes along with the length of passage of time in which the signs were configured in such a matter, I disagree.

## LAW and ANALYSIS

On appeal, plaintiffs contend the trial court erred in granting Ochsner's motion for summary judgment and dismissing their claim. Plaintiffs argue genuine issues of material fact exist regarding whether the base of the handicap sign created an unreasonable risk of harm and whether Ochsner knew or should have known the handicap sign base was unreasonably dangerous.

A motion for summary judgment must be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P.

art. 966 A(3). Appellate courts review a judgment granting a motion for summary judgment *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Faciane v. Golden Key Div. Ltd. P'ship, 17-636 (La. App. 5 Cir. 5/23/18), 249 So.3d 230, 233; Phipps v. Schupp, 09-2037 (La. 7/6/10), 45 So.3d 593, 597.

The mover has the initial burden to show no genuine issue of material fact exists. La. C.C.P. art. 966 D(1). If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Id. The nonmoving party must then produce factual support to establish that he will be able to satisfy her evidentiary burden of proof at trial. Id. If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. Allday v. Newpark Square I Office Condominium Assoc., Inc., 20-358 (La. App. 5 Cir. 8/18/21), 327 So.3d 566, 573.

A plaintiff seeking damages for injuries caused by an unreasonably dangerous condition must show: (1) the thing was in defendant's custody; (2) the thing contained a vice or defect which presented an unreasonable risk of harm to others; (3) the vice or defect caused the damage; and (4) defendant knew or should have known of the vice or defect.[1] La. C.C. art. 2317.1; Scott v. Galleria Operating Co., 17-104 (La. App. 5 Cir. 11/15/17), 230 So.3d 682, 685, writ denied, 17-2080 (La. 2/9/18), 236 So.3d 1262; Thomas v. Hunting Ingalls, Inc., 16-474 (La. App. 5 Cir. 12/21/16), 210 So.3d 454, 458. If a plaintiff fails to prove any one of these elements, the claim fails. Scott, 230 So.3d at 685.

---

[1] La. C.C. art. 2317.1 provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care....

In considering whether a condition is unreasonably dangerous, courts apply a risk-utility balancing test, using four factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of the harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the societal utility of the plaintiff's activities or whether the activities were dangerous by nature. Bufkin v. Felipe's Louisiana, LLC, 14-288 (La. 10/15/14), 171 So.3d 851, 856; Broussard v. State ex re. Office of State Buildings, 12-1238 (La. 4/5/13), 113 So.3d 175, 184. Upon *de novo* review, applying the above factors to this case, we find plaintiffs failed to show a genuine issue of material fact exists regarding whether the handicap sign base created an unreasonable risk of harm.

## Risk-utility balancing test

### *The utility of the handicap sign base*

The purpose of the sign base was to display the handicap sign and identify the parking spots designated for handicap parking. The sign therefore had an important use to the public. Mr. Klumpp acknowledged that he used the handicap sign to find a parking spot and clearly saw it without any problem. Thus, the utility of the handicap sign base is of high social value and weighs against finding it an unreasonable risk of harm.

### *Likelihood and magnitude of the harm, including the obviousness and apparentness of the condition*

The likelihood of the harm factor requires us to consider the degree to which the condition will likely cause harm. If the condition is likely to cause harm, that weighs in favor of finding it unreasonably dangerous. Farrell v. Circle K Stores, Inc., 22-849 (La. 3/17/23), 359 So.3d 467, 474. If it is unlikely to cause harm, that weighs in favor of it not being unreasonably dangerous. Id. The magnitude of the harm factor asks whether the condition presents a risk of great or small injury and the likelihood

of each.  Id.  The likelihood and magnitude of the harm, includes a consideration of the open and obviousness of the condition.  Broussard, 113 So.3d at 184.

Generally, a defendant does not have a duty to protect against that which is obvious and apparent.  Bufkin, 171 So.3d at 856.  A hazard is considered obvious and apparent if the hazard is open and obvious to everyone who may potentially encounter it.  Broussard, 113 So.3d at 184; Caserta v. Wal-Mart Stores, Inc., 12-853 (La. 6/22/12), 90 So.3d 1042, 1043 (*per curiam*); Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La. 2/20/04), 866 So.2d 228, 234.  When the risk is open and obvious to everyone, the probability of injury is low and the thing's utility may outweigh the risks caused by its defective condition.  Broussard, 113 So. 3d at 184.  If the facts of a particular case show that the condition complained of should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff.  Eisenhardt v. Snook, 08-1287 (La. 3/17/09), 8 So.3d 541; Dauzat v. Curnest Guillot Logging Inc., 08-528 (La. 12/2/08), 995 So.2d 1184, 1186 (*per curiam*).

The facts of this case, particularly the photos, show the base of the handicap sign was open and obvious to all who encountered it and not likely to cause harm.  First, the sign and its base were clearly visible to all.  Mr. Klumpp acknowledged he saw the sign and used it to find his parking spot.  Second, the sign base was located in an area of the parking lot unobstructed by other items.  It was placed in front of the parking spot and did not encroach on the sidewalk.

Third, Ochsner employees attested that there were no prior accidents involving people injuring themselves due to sign base, indicating an improbability of the sign and its base causing an accident.  Fourth, Mr. Klumpp had to walk at an angle to even encounter the sign base on his way to the building via the sidewalk.  Finally, the day of the accident was a clear and bright sunny day, making the sign and its base clearly visible.

Plaintiffs assert that the sign base was unreasonably dangerous because it did not comply with building code provisions. Many courts have found compliance with building codes is only one factor to be considered in determining premise liability. Morange v. Troxler, 20-386 (La. App. 5 Cir. 10/27/21), 329 So.3d 1105, 1111; Primeaux v. Best Western Plus Houma Inn, 18-841 (La. App. 1 Cir. 02/28/19), 274 So.3d 20, 30; Calcagno v. Kuebel, Fuchs Partnership, 01-691 (La. App. 5 Cir. 11/14/01), 802 So.2d 746, 751. Moreover, evidence that a condition violates an applicable code is less relevant when the condition is open and obvious. Morange, 329 So.3d at 1111; Primeaux, 274 So.3d at 30; Eskine v. City of Gretna, 17-542 (La. App. 5 Cir. 03/14/18), 240, So.3d 338; Araujo, supra. A landowner is not liable for an injury caused by a condition which an individual should have seen in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner. Handy v. City of Kenner, 12-135 (La. App. 5 Cir. 6/28/12), 97 So.3d 539, 542.

Considering the foregoing, the likelihood and magnitude of the harm indicates the handicap sign base did not create an unreasonable risk of harm.

### Cost of preventing the harm

The record indicates that Ochsner has since painted the base of the handicap signs and/or moved them into the gardening away from the sidewalk. As a result, it appears the cost of moving the handicap signs to a different location was reasonable. We, however, do not think the movement of the signs is related to the facts of this case because Mr. Klumpp had to walk at an angle to encounter the sign and its base, and the handicap sign base was open and obvious to all.

Thus, this factor does not weigh heavily in our analysis.

### Nature of plaintiff's activities in terms of social utility or whether the activities were dangerous by nature

Mr. Klumpp's activity at the time of his fall was a necessary activity as he was walking from his car to a medical appointment in the Ochsner building. We

recognize the importance of individuals being able to safely walk from a parking lot into a building, particularly a doctor's office. However, defendants generally have no duty to protect against an open and obvious hazard. Dauzat, 995 So.2d at 1186. A pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear. Babino v. Jefferson Transit, 12-468 (La. App. 5 Cir. 2/21/13), 110 So.3d 1123, 1126. Here, Mr. Klumpp had to walk at an angle to encounter the handicap sign base, which was open and obvious to all.

Considering the open and obvious nature of the handicap sign base and a pedestrian's duty to avoid obvious things in his path, we do not think this factor weighs heavily in this case.

### *Conclusion*

We acknowledge that whether a condition presents an unreasonable risk of harm is a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts. Ruschel v. St. Amant, 11-78 (La. App. 5 Cir. 5/24/11), 66 So. 3d 1149, 1154. Nevertheless, to overrule a grant of summary judgment we must find a material fact still at issue. Id. Applying the risk/utility balancing test to the facts of this case, we find no genuine issue of material facts exists relative to whether the complained-of condition, the handicap sign base, created an unreasonable risk of harm. The sign base was open and obvious, and not an unreasonably dangerous condition.

Summary judgment, based on the absence of liability, may be granted upon a finding that reasonable minds could only agree that the condition was not unreasonably dangerous; therefore, the defendant did not breach the duty owed. Id. In this case, no reasonable factfinder could find that Ochsner breached any duty owed to plaintiffs. Consequently, Ochsner met the initial burden of establishing the absence of factual support for plaintiffs' claim. The burden shifted to plaintiffs to produce factual support sufficient to establish the existence of a genuine issue of

material fact or that Ochsner was not entitled to judgment as a matter of law. Plaintiffs failed to do so, and thus, the trial court properly granted summary judgment in Ochsner's favor.

**Actual or Constructive Knowledge**

With regard to the knowledge element, a plaintiff must prove that the defendant had actual or constructive knowledge of the vice or defect. Thibodeaux v. Allstate Insurance Company, 19-458 (La. App. 5 Cir. 3/20/20), 293 So.3d 797, 805. Constructive knowledge addresses the defendant's duty of reasonableness to discover apparent defects in things under the defendant's garde. Creager v. Marrero Land and Improvement Ass'n Ltd., 21-322 (La. App. 5 Cir. 2/23/22), 362 So.3d 696, 701. Constructive knowledge can be found if the conditions that caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury. Id.; Boutin v. Roman Catholic Church of Diocese of Baton Rouge, 14-313 (La. App. 5 Cir. 10/29/14), 164 So.3d 243, 246-247, writ denied, 14-2495 (La. 2/13/15), 159 So.3d 469.

Plaintiffs assert Ochsner had knowledge because (1) Ochsner personnel knew vehicles were hitting the signs and knocking them backwards; (2) the sign placement did not conform to the architect's plans and specifications for the parking lot; and (3) two days before Mr. Klumpp's fall, Ochsner began moving the signs into the garden as set forth in the architect's plans. These facts, however, primarily relate to vehicles hitting the signs, not people tripping over the signs. Circumstances related to vehicles bumping into a sign do not support a finding that Ochsner had knowledge the sign base created an alleged hazard for pedestrians. Further, as discussed above, compliance with building codes is only one factor to be considered in determining premises liability, and is less relevant when the alleged hazard is open and obvious. Morange, 329 So.3d 1105, 1111.

Plaintiffs also assert the lack of evidence of prior accidents in this highly trafficked area is not sufficient to support granting summary judgment in favor of Ochsner. This court has previously relied on the lack of similar incidents as evidence to show a lack of constructive knowledge. Boutall v. Christakis, P.M., Co. LLC, 17-402 (La. App. 5 Cir. 12/27/17), 236 So.3d 1268, 1275 (premises owner in his affidavit in support of his motion for summary judgment stated that he had neither actual nor constructive knowledge of the defect and that there had been no other accidents at the restaurant entrance before plaintiff's accident). Johnson v. Federated Mut. Ins. Co., 21-242 (La. App. 5 Cir. 6/23/21), 325 So.3d 578, 582 (defendants offered the deposition testimony of both its general manager and its finance manager to show that thousands of customers previously traversed the threshold without incident).

Furthermore, plaintiffs' reliance on the Tromatore case is misplaced. Tromatore v. Jefferson Par. Hosp. Servs. Dist., 21-551 (La. App. 5 Cir. 5/26/22), 341 So.3d 1269. In Tromatore, plaintiff could not see the concrete pedestal because right before the accident, the sun was going down, casting shadows from the ramp and the light pole onto the walkway. Further, the base of the light pole was black, moldy, and dirty, making it indistinguishable from the surrounding walkway. The court also highlighted the fact that on cross-examination, defendant's own representative agreed that it was difficult to distinguish the base from the walkway

Ochsner established it did not have actual or constructive knowledge of any alleged hazard by showing the handicap sign base was open and obvious, and there were no other trips, falls, accidents, injuries, claims, or lawsuits involving the handicap sign base other than Mr. Klumpp's trip and fall. Plaintiffs had the burden to show a genuine issue of material fact existed on this issue, and failed to do so. We therefore agree with the trial court's finding that plaintiffs failed to show a genuine issue of material fact exists as to whether Ochsner had actual or constructive

notice of the alleged hazardous condition. Accordingly, we find no error in the trial court's ruling granting Ochsner's motion for summary judgment.

**DECREE**

For the foregoing reasons, we affirm the trial court's judgment granting summary judgment in favor of Ochsner and dismissing plaintiffs' claim against Ochsner.

<u>**AFFIRMED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 18, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-175

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
R. CHRISTOPHER COX, III (DISTRICT JUDGE)
JAMESON M. TAYLOR (APPELLANT)      RICHARD P. VOORHIES, III (APPELLANT)      MICHAEL F. NOLAN, JR. (APPELLEE)

**MAILED**
MARGARET SUMMERSGILL BURNS
(APPELLANT)
ATTORNEY AT LAW
502 N. NEW HAMPSHIRE STREET
COVINGTON, LA 70433