DAVID WIEBELT

VERSUS

STONEBRIDGE MANOR NEW ORLEANS,
LLC AND EVEREST NATIONAL INSURANCE
COMPANY

NO. 25-CA-69

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 834-308, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

September 24, 2025

**TIMOTHY S. MARCEL**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Timothy S. Marcel

**AFFIRMED; ANSWER TO APPEAL DENIED**

    **TSM**
    **SMC**
    **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
DAVID WIEBELT
    Elizabeth M. Gaudin
    Kevin A. Rieth

COUNSEL FOR DEFENDANT/APPELLEE,
STONEBRIDGE MANOR NEW ORLEANS, LLC AND EVEREST NATIONAL
INSURANCE COMPANY
    Raymond C. Lewis
    Kermit L. Roux, III

**MARCEL, J.**

In this case involving injuries from a fall while fleeing a burning apartment fire, plaintiff David Wiebelt appeals a judgment of the trial court that granted a motion for summary judgment in favor of defendants, Stonebridge Manor New Orleans, LLC and Everest National Insurance Company, and dismissed plaintiff's claims with prejudice. Defendants have filed an answer to this appeal seeking costs. For the following reasons, we affirm the judgment of the trial court.

BACKGROUND

On October 25, 2022, Mr. Wiebelt filed a petition for damages wherein he stated that on November 13, 2021, while he was a tenant of Stonebridge Manor Apartments, "a fire broke out in the wall near the chimney flue of the plaintiff's apartment and the plaintiff was injured when he fell while descending down a flight of stairs to flee from the fire. Said incident caused your petitioner to sustain painful and serious injuries." Mr. Wiebelt went on to allege that defendant Stonebridge was negligent for failing to properly maintain the property in a reasonably safe condition; failing to keep the property safe for tenants; failing to inspect and learn of dangerous and defective conditions of the property; failing to warn tenants of defective conditions; and in other respects to be shown at trial. Mr. Wiebelt specifically pled strict liability under La. C.C. art. 2695 and the doctrine of *res ipsa loquitur*.

Defendants, on January 20, 2023, filed an answer generally denying Mr. Wiebelt's allegations and raising the following affirmative defenses: contributory negligence, comparative negligence, and assumption of the risk; that the "cause-in-fact" of the complained of incident was plaintiff's negligence in being inattentive, failing to act with due care under the circumstances, acting carelessly and recklessly, failing to see that which should have been seen, failing to keep a proper lookout, and other negligent acts.

On August 12, 2024, defendants filed a motion for summary judgment wherein they argued that, pursuant to La. C.C.P. art. 966, there were no genuine issues of material fact and they were entitled to summary judgment as a matter of law. In particular, defendants argued that plaintiff could not sustain his burden of proof under La. C.C. arts. 2317 or 2317.1 to show that the stairwell at issue was unreasonably dangerous or otherwise defective, that defendants created the condition complained of, or that defendants had actual or constructive notice of the allegedly defective condition. Defendants submitted the deposition transcript of Mr. Wiebelt, as well as affidavits from apartment complex managers and an engineer who inspected the stairwell, as evidence in support of their motion for summary judgment. In response to this motion, plaintiff argued that the motion for summary judgment should be denied because it rests on a theory of liability posited by defendants which he does not aver, specifically that the apartment steps constituted a hazard. Mr. Wiebelt included his own deposition transcript as support for his opposition to the motion. Following on a hearing on the matter, the trial judge on November 4, 2024 granted summary judgment in favor of defendants and dismissed Mr. Wiebelt's case with prejudice with each party to bear their own costs.

On appeal, Mr. Wiebelt reiterates his arguments made at the trial court and specifically states that the trial court erred in dismissing the suit based on defendants' assertion that he could not prove the steps were dangerous given the language found in his petition. We find appellant's arguments to be without merit, for reasons more fully explained in our discussion below.

DISCUSSION

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Millet v. Moran Foods, LLC*, 23-227, p. 2 (La. App. 5 Cir. 3/13/24),

384 So.3d 1074, 1076; *David v. Dollar Tree Stores, Inc.*, 19-36 (La. App. 5 Cir. 10/2/19), 282 So.3d 329, 331. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966. If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.*

In response to a well-pled motion for summary judgment, the burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.* When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, accompanied by affidavits or other admissible summary judgment evidence, must set forth specific facts demonstrating the existence of a genuine issue of material fact. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B); *Gilbert v. Gottsegen*, 14-593, p. 8 (La. App. 5 Cir. 5/21/15), 171 So.3d 289, 294, *writ denied*, 2015-1406 (La. 10/2/15), 178 So.3d 993.

The legal basis of Mr. Wiebelt's claims for damages arises under Louisiana Civil Code Article 2317.1, which provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of *res ipsa loquitur* in an appropriate case.

Actions under this statute require proof that the defendant had custody of the thing causing injury, that the thing contained a defect or condition creating an unreasonable risk of harm, and that the defective condition caused plaintiff's injury. *Ruschel v. St. Amant*, 11-78, p. 6 (La. App. 5 Cir. 5/24/11), 66 So.3d 1149, 1153. Not every defect gives rise to liability: the defect must be of such a nature to constitute a dangerous condition, which would be reasonably expected to cause injury to a prudent person using ordinary care under the circumstances. *Id.* Whether a defect presents an unreasonable risk of harm is a disputed issue of mixed fact and law or policy that is a question for the jury or trier of facts. *Id.* at 1154. Nevertheless, on *de novo* review, the court is still required to determine whether there are any genuine issues of material fact that preclude granting summary judgment. *Id.* A material fact is one whose existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Id.* (*citing Jeansonne v. South Cent. Bell Telephone Co.*, 08–568, pp. 8–10 (La. App. 5 Cir. 1/13/09), 8 So.3d 613, 619–20.)

On appeal, Mr. Wiebelt cites his own original petition for damages which states in part:

III.

On the above date, a fire broke out in the wall near the chimney flue of the plaintiff's apartment and the plaintiff was injured when he fell while descending down a flight of stairs to flee from the fire. Said incident caused your petitioner to sustain painful and serious injuries.

IV.

The above accident was caused by the joint and gross negligence of defendant, Stonebridge Manor New Orleans, LLC, their agents, and/or its employees in the following non-exclusive particulars:
a. Failure to properly maintain the property in a reasonably safe condition;
b. Failure to keep the said property safe for tenants [sic]
c. Failure to inspect and learn of dangerous and defective conditions;
d. Failure to warn tenants of said dangerous and defective conditions;
e. In other respects that will be shown at the trial of this matter.

Plaintiff then proceeds to state, "No part, no paragraph, no allegations contained in the Petition address the stairs or seek to ground fault in a defective or hazardous condition." This is patently incorrect.

In his deposition, plaintiff stated, "I proceeded to run down the steps. When I got to like the third to last step my feet came from under me. I was holding the kennel in my right hand, which, when I fell, landed on my left hip and my lower back hit the middle of one of the steps."

It is clear from the facts stated in the petition and in the sworn deposition that Mr. Wiebelt was injured when he fell while descending the steps at the apartment complex. Whether or not the stairs were defective or presented a dangerous condition which would be reasonably expected to cause injury to a prudent person using ordinary care under the circumstances is a genuine issue of material fact as to causation, an essential element of plaintiff's claim. Defendants filed a well-pleaded motion supported by affidavits asserting that the stairs did not present a dangerous condition. In response, plaintiff agrees that the stairs did not present a dangerous condition, but fails to offer any other explanation for what caused his injuries. Plaintiff has not claimed or argued that the fire caused his injuries.

To quote again from La. C.C.P. art. 967, "When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided, must set forth specific facts showing that there is a genuine issue of material fact." Mr. Wiebelt has failed to show there are genuine issues of material fact that preclude granting summary judgment in this case. We affirm the judgment of the trial court.

*Answer to the Appeal*

In their answer to the appeal, defendants argue that the trial court erred in denying an award for costs and expenses prayed for in their motion for summary judgment and seek an award of costs and expenses from this Court pursuant to La. C.C.P. art. 2164. On review, we find no error or abuse of discretion in the trial court's award of costs. Under the facts of this case, we decline to exercise our discretion to modify the award of costs by the trial court or tax costs of the appeal to plaintiff.

**AFFIRMED; ANSWER TO APPEAL DENIED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 24, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 25-CA-69

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
HILARY G. GAUDIN (APPELLANT)      KEVIN A. RIETH (APPELLANT)                RAYMOND C. LEWIS (APPELLEE)

**MAILED**
ELIZABETH M. GAUDIN (APPELLANT)      KERMIT L. ROUX, III (APPELLEE)
ATTORNEY AT LAW                       ATTORNEY AT LAW
1088 FOURTH STREET                    755 MAGAZINE STREET
GRETNA, LA 70053                      NEW ORLEANS, LA 70130